CRAIG ET VIR *v.* CHENOWETH

[No. 8, September Term, 1963.]

398

*Decided October 8, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Charles W. Bell,* with whom were *Edward A. Palamara* and *Bell & Palamara* on the brief, for appellants.

*James F. Couch, Jr.,* with whom were *Couch, Blackwell & Miller* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

This action was brought in the Circuit Court for Prince George's County by the appellants, Nila Fern Craig and James

R. Craig, her husband, to recover for personal injuries suffered by the wife and consequential damages sustained by the husband as the result of an accident in which the husband's car, being operated by the wife, was struck in the rear by the tractor trailer of the appellee, Vernon Holmes Chenoweth. After the accident, Mrs. Craig sought medical assistance for injuries to her head, neck and shoulder, and a long course of treatment ensued. About six weeks after the accident, and while still being treated for the injuries to her neck and shoulder, Mrs. Craig suffered a partial paralysis of her left forefinger and thumb.

The appellants sued for damages for the injuries to the wife's head and shoulder area and for the partial paralysis of the left hand, asserting that these injuries were permanent. After the case was heard, Judge Parker limited the amount of recoverable damages when he instructed the jury that "* * * inasmuch as there is no medical testimony to a reasonable medical certainty that she [Mrs. Craig] has suffered a permanent injury, you are not, as a matter of law, to return a verdict for her for a permanent injury of any type * * *". The jury was also instructed, in regard to the paralysis, that no award could be made "in view of the fact that there is no medical testimony to tie this particular complaint in with the accident." The appellants excepted to these instructions. The jury returned an award of $1,625 for the wife and $680 for the husband. The award to the husband was equal to the actual amount of expenses occasioned by the accident, while that to the wife was approximately $1,000 over her actual loss of salary as a telephone company employee.

Aggrieved by the size of the awards, the plaintiffs appealed, claiming that the trial court erred, first, when it excluded recovery for the paralysis of the forefinger and thumb, and, second, when it refused to permit the jury to consider whether Mrs. Craig's injuries were permanent in nature.

With regard to the first point, after the appellants' family physician, Dr. Irey, had testified as to the wife's injuries and subsequent treatment, he was asked about the paralysis of her forefinger and thumb. He replied: "I frankly did not know why or exactly what the relationship was with the injury that she

has sustained". There was no other medical evidence on this point. Thus the appellants' own medical witness was unable to say there was any causal connection between the paralysis of the wife's hand and the accident, or the injuries which she had received as a result of the appellee's negligence. However, the appellants contend that the causal connection did not have to be established by expert medical testimony, relying on the following excerpt from the case of *Wilhelm v. State Traffic Comm.*, 230 Md. 91, 99, 185 A. 2d 715 (1962) :

> "There are, unquestionably, many occasions where the causal connection between a defendant's negligence and a disability claimed by a plaintiff does not need to be established by expert testimony. Particularly is this true when the disability develops coincidentally with, or within a reasonable time after, the negligent act, or where the causal connection is clearly apparent from the illness itself and the circumstances surrounding it, or where the cause of the injury relates to matters of common experience, knowledge, or observation of laymen. * * *"

The appellants maintain that the paralysis was "reasonably coincidental with the negligent act, and was by the common experience, knowledge, and observation of lay jurymen within the usual complications of whiplash type injuries". After reviewing the testimony we are unable to agree with this contention. We think, rather, that the question involved here is governed by the rule stated in the *Wilhelm* opinion (at p. 100 of 230 Md.), immediately following the passage quoted above, namely :

> "* * * However, where the cause of an injury claimed to have resulted from a negligent act is a complicated medical question involving fact finding which properly falls within the province of medical experts (especially when the symptoms of the injury are purely subjective in nature, or where disability does not develop until some time after the negligent act), proof of the cause must be made by such witnesses. * * *"

The rule, and the many authorities cited in support of it in

*Wilhelm,* make it clear that the causal connection, if any existed, between the appellee's negligence and the paralysis of Mrs. Craig's hand was not of the type which is provable without medical testimony. The paralysis did not occur coincidentally with, or within what we feel was a reasonable time, under the facts of this case, after the accident had ocurred. The causal connection was not clearly apparent from the paralysis itself or the circumstances surrounding it, nor was the connection a matter within the common knowledge of laymen. That this is so is manifest from the fact that the appellants' own medical expert was unable to say that there was any causal connection between the accident and the paralysis, thus effectually precluding any conclusion that this was a matter clearly apparent to laymen or within their common experience and knowledge. Therefore, in view of the lack of medical testimony as to causation, Judge Parker was correct in his instruction on this point.

The appellants' other contention is that "there is uncontradicted evidence from which a conclusion of permanency may be drawn" and that therefore it was error to instruct the jury that they could not return an award for a permanent injury of any type. Again, we are constrained to disagree. The applicable rule as to proof of permanency of injuries was recently set out in the case of *Kujawa v. Baltimore Transit Co.,* 224 Md. 195, 167 A. 2d 96 (1961), wherein it was stated on page 206 of 224 Md. that, "[c]ertainly evidence tending to show only a *possibility* of permanency is not sufficient to take that issue to the jury". In the present case there was no medical testimony showing, or even tending to show, that the injuries suffered by Mrs. Craig were permanent in nature. Dr. Irey, when asked how long treatment would last, stated "[t]hat would be a guess * * *. It would be hard to say", and that he could not put any time limit on the duration of the injuries. When the appellants called a Dr. Reynolds (a specialist to whom Mrs. Craig had been referred for treatment to her neck and shoulder), he was not asked whether the injuries were permanent, but it is significant that he did testify that he had discharged Mrs. Craig from formal treatment prior to trial because of her improvement and stated his belief that any further treatment could

be administered by the appellant wife herself. Thus there was insufficient evidence to take the issue of permanency to the jury and the trial judge was correct in so instructing them. The judge did, however, instruct the jury that, if they found for the plaintiffs, Mrs. Craig would be entitled to recover for conscious pain and suffering that she endured as a result of the accident, down to the time of trial and for such time in the future as the jury should determine that she would so suffer. This, we think, was all that she was entitled to, under the evidence presented.

*Judgments affirmed; costs to be paid by appellants.*