JOHNSON, To Own Use and Use Of MARYLAND IN-
DEMNITY AND FIRE INSURANCE EXCHANGE
*v.* ZERIVITZ et al., Etc. and RANDALL

[No. 169, September Term, 1963.]

114

*Decided March 10, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*Paul R. Rochlin* and *Irving Settleman* for appellant.

*M. King Hill, Jr.,* with whom were *Smith, Somerville & Case* on the brief, for appellees.

SYBERT, J., delivered the opinion of the Court.

On May 22 1960, after a taxicab operated by the appellant, James N. Johnson, had stopped to discharge a passenger, it was struck in the rear by a truck driven by the appellee, Robert Randall, an employee of the other appellees, Beryl Zerivitz and others trading as Pariser Bakery. The sole question before the jury was the nature and extent of the appellant's injuries resulting from the accident, liability having been admitted by all appellees.

The appellant claimed severe and disabling injuries, although he admitted on cross-examination that the accident produced no cut, mark, bruise or anything that could be seen on his body. The appellees took the position that the appellant was not injured as a result of the accident on May 22 1960; that he was consciously malingering and exaggerating his injuries; and that the injuries complained of had actually resulted from previous accidents, particularly from a similar accident two and one-half months before, on March 5 1960. The appellant attempted to show that any exaggeration of injuries was due to an un-

conscious emotional injury, which had been caused by the accident of May 22 1960. The jury returned a verdict in favor of the appellant in the amount of $1,800. After a motion for a new trial was denied the appellant filed this appeal.

The appellant's complaint is that the verdict was grossly inadequate, in view of the injuries allegedly sustained, and he blames certain of the court's instructions for that result. He first maintains that the trial court improperly instructed the jury that there was no legally sufficient evidence to prove that the appellant sustained any emotional injury or disturbance as a result of the accident of May 22 1960. Our review of the testimony convinces us that the trial court's instruction on this point was correct.

In *Wilhelm v. State Traffic Comm.*, 230 Md. 91, 185 A. 2d 715 (1962), it was held that the causes of emotional disturbances are complicated medical questions, proof of which must be made by expert medical testimony. Cf. *Craig v. Chenoweth*, 232 Md. 397, 194 A. 2d 78 (1963). In *Wilhelm*, Judge Prescott exhaustively reviewed the authorities on the point and said for the Court (at p. 101 of 230 Md.) :

> "There can be little doubt, we think, that a question involving the causes of emotional disturbances in a person sufficient to evoke, subconsciously, grossly exaggerated symptoms is an intricate and complex one, peculiarly appropriate for science to answer. To allow a jury of laymen, unskilled in medical science, to attempt to answer such a question would permit the rankest kind of guesswork, speculation and conjecture."

Several doctors in the field of neurosurgery, orthopedic surgery, and traumatic and internal medicine, who had treated the appellant, testified that his symptoms and responses were exaggerated, but they either were not asked, or stated that they could not say, whether this was intentional and malingering or whether the exaggeration was unconsciously caused by an emotional disturbance. As one doctor stated, in refusing to express an opinion as to what caused the exaggeration: "whether there is indeed a functional overlay [emotional

disturbance] present, [or] whether it is malingering, hysterical, or some other process, lies in the field of psychiatry." Only one psychiatrist testified. When asked, in a hypothetical question, his conclusion as to whether there was a causal connection between the accident of May 22 1960 and the appellant's condition (assuming an emotional disturbance), he stated that in his opinion the condition was "a direct result of the automobile accidents" (referring to both the accident of March 5 1960 and that of May 22 1960). This testimony was not sufficient to allow the question of emotional disturbance to go to the jury, since, assuming the jury found an emotional disturbance, it would be required to speculate as to how much, if any, of this disturbance was specifically due to the accident in question. Such speculation was condemned in the *Wilhelm* and *Craig* cases, *supra,* and hence the instruction on this phase of the case was justified.

The second issue raised by the appellant is that the trial court erred by "allowing the jury to consider the possibility that the plaintiff might not be entitled to recover any amount of damages by the use of the words 'if any' in discussing damages; and further by emphasizing said words". This issue requires little discussion. Since the appellees were contending that either the appellant had not suffered any injuries or that such injuries as he might have were caused by the prior accident of March 5 1960 or other previous accidents mentioned in the testimony, the inclusion of the words "if any" in the instructions to the jury was not error. Furthermore, even assuming that it would have been prejudicial error, under the facts of this case, for the trial judge to unduly emphasize the words "if any", a reading of the complete charge shows that these words were not in fact emphasized.

The appellant's next contention is likewise without merit. In December 1962—more than two and one-half years after the accident in question—he was scalded when his leg "gave way" while he was filling a hot water bottle. He claimed that his injuries in the accident of May 22 1960 caused his leg to buckle in December 1962, and thus the appellees were responsible for the scalding. The trial judge instructed the jury that no damages could be awarded as a result of the scalding, and the ap-

pellant contends that this was error. We cannot agree. There was no testimony sufficient to prove that the scalding in December 1962 was caused by the accident in question. The appellant made no complaint of any injury to his leg until December 1960—six months after the accident which appellant now claims caused the injury to his leg. Under these circumstances expert medical testimony was again needed to establish a causal connection, but again, no such testimony was offered. In *Wilhelm v. State Traffic Comm., supra,* we held that when the symptoms complained of did not develop until several months after the accident and there was no medical testimony to show a connection between the symptoms complained of and the accident, the trial court was correct in refusing to submit the question of causal connection to the jury. The rationale of the *Wilhelm* case is controlling here, where the alleged injury to the leg did not manifest itself until six months after the accident and the scalding did not occur until two years thereafter. Under these circumstances, the causal connection between any injury to the appellant's leg and the accident in question was an intricate and involved medical question which could only have been established by medical testimony. Lacking such testimony, the trial court was correct in refusing to allow the jury to consider the scalding of December 1962 as an element of the appellant's damages.

The appellant urges, finally, that this Court should reverse the judgment and remand for a new trial because the jury's verdict was grossly inadequate. However, since no prejudicial error in the court's instructions has been shown, the adequacy of the verdict is not reviewable on appeal. *Leizear v. Butler,* 226 Md. 171, 172 A. 2d 518 (1961), and cases cited. See also *State v. Gray,* 227 Md. 318, 323, 176 A. 2d 867 (1962).

*Judgment affirmed; appellant to pay the costs.*