## RIDDLE *v.* DICKENS

[No. 254, September Term, 1965.]

*Decided March 7, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-HEIMER, and McWILLIAMS, JJ., and RAINE, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Donald L. Allewalt,* with whom was *Edward D. E. Rollins, Jr.,* on the brief, for appellant.

*William B. Evans,* with whom was *A. Parks Rasin, Jr.,* on the brief, for appellee.

RAINE, J., by special assignment, delivered the opinion of the Court.

In this suit for personal injuries and minor property damages the trial court, sitting without a jury, entered a judgment in favor of the plaintiff in the amount of $15,065. A motion for a new trial was overruled, and the defendant thereupon appealed.

The appellant does not dispute the matter of liability but, being displeased with the amount of the judgment, contends that the trial court erred in admitting certain medical testimony and in basing the judgment on speculation and conjecture.

The appellee saw Dr. John A. Fischer two weeks after the accident, and on two subsequent occasions, and it is by no means clear that Dr. Fischer was an examining doctor and not a treating doctor. However, we shall assume that he was a physician who examined the appellee in order to testify in this case. Dr. Fischer was asked to state his opinion on the basis of his examination. Over objection, he stated that the appellee had a nerve root compression of the cervical spine as a result of a disc protrusion. Without further objection, the witness related the details of his examination and his objective findings. With-

out objection, he expressed the opinion that the appellee had a fifty percent permanent partial disability of his entire body.

The appellant insists that an examining doctor may not express any opinion unless it is in response to a hypothetical question. When a patient is attended by a physician for the purpose of treatment there is a strong inducement for the patient to speak truthfully. Statements made under these circumstances are deemed specially trustworthy, so an exception to the hearsay rule has been extended to treating doctors. *Yellow Cab Co. v. Hicks,* 224 Md. 563. In some cases the exception is recognized where the history is given the treating doctor by a third party. *Yellow Cab Co. v. Henderson,* 183 Md. 546. The exception to the hearsay rule is not extended to examining doctors. A physician who examines a litigant so that he may later qualify as an expert witness may not testify as to the history given him. *Parker v. State,* 189 Md. 244. In order to establish a diagnosis or prognosis an examining doctor may rely on statements, pathologically germane, given to him by the patient, but if he is to testify as to a *causal relationship* he must do so in response to a hypothetical question. *Parker v. State, supra; Wolfinger v. Frey,* 223 Md. 184; *Wilhelm v. State Traffic Comm.,* 230 Md. 91. Dr. Fischer was not asked for an opinion as to a possible traumatic origin of the appellee's existing physical condition. The witness did not attempt to relate the history given him by the appellee, nor was his opinion based on the history. The witness based his opinion solely on his own observation and objective findings. Hence there was no requirement or occasion to propound a hypothetical question. *Langenfelder v. Thompson,* 179 Md. 502.

At the conclusion of the testimony of Dr. Fischer the appellant moved to strike out all of his testimony relating to disability on the grounds that the disability was not shown to have been caused by trauma resulting from the accident. The trial court was correct in refusing to grant the motion. A short answer to the appellant's contention is that the testimony as to disability came in without proper objection but, in any event, it was clearly admissible. Dr. Fischer testified as to the appellee's physical condition only, and made no effort to link it with the accident. As the trial court recognized, a causal relation-

582

ship between the accident and the appellee's physical condition had to come, and did come, from other sources or other evidence in the case.

The appellant contends that the judgment below was based on speculation and conjecture, because the trial court found that the appellee's injuries and disability were of a psychological nature. A medical expert called by the appellant testified that on examination his objective findings were minimal, and that he could not arrive at a definite diagnosis. Thereupon the trial court engaged in a colloquy with the doctor, in which the latter expressed the opinion that pain and restrictive movement existing in the absence of organic damage can sometimes be accounted for on a psychological basis. In his comments at the conclusion of the case the trial judge made gratuitous references to pain that rests on a psychological basis, pointing out that such pain is as real as that resulting from organic causes. But the memorandum denying the motion for a new trial makes it clear to us that the lower court based the judgment on a permissible finding that organic damage, *i.e.* the "nerve root compression," testified to by Dr. Fischer was the basis of the appellee's complaints. The appellant cites *Johnson v. Zerivitz,* 234 Md. 113, and *Wilhelm v. State Traffic Comm., supra.* These cases dealt only with the question of causal connection between an accident and subsequent emotional disturbances, and held that laymen may not speculate on this complex scientific question. These cases are not apposite.

The case was fully and fairly tried below. We find no error and affirm the judgment.

*Judgment affirmed, with costs.*