NORMAN IRVIN THOMAS *v.* STATE
OF MARYLAND

[No. 170, Initial Term, 1967.]

---

*Decided January 2, 1968.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and O'DONNELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Sherman W. West* for appellant.

*Thomas P. Perkins, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Arthur A. Mar-*

*shall, Jr., State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Norman Irvin Thomas, the appellant, was convicted in the Circuit Court for Prince George's County by Judge Roscoe H. Parker, sitting with a jury, under three separate indictments. The first charged grand larceny and receiving stolen goods over the value of one hundred dollars ($100.00) while the second and third each charged robbery with a deadly weapon, assault with intent to rob with a deadly weapon and robbery.

In the early morning hours of January 2, 1965, Thomas and Earl Wayne Tolson entered a Texaco service station in Brandywine, Prince George's County. After the two men had told the two attendants, Cledis Franks and Regis Grieninger that they had run out of gas, Thomas pulled out a sawed-off shotgun and instructed the two attendants to face the wall with their hands up. Tolson proceeded to take the wallets of each of the attendants and some money from the cash register, later ascertained to be one hundred and forty dollars ($140.00).

At the trial Regis Grieninger identified Thomas as being the person who held the shotgun during the robbery. Grieninger had previously identified Thomas by picking him out of a crowd of fifty to one hundred persons in the courthouse hallway and had identified him at an earlier trial of the same incident.

Thomas testified that at the time of the robbery he was incarcerated in a District of Columbia jail. On cross-examination, he admitted that at the preceding trial his alibi had been that he had been in the La Plata jail. When asked, on cross-examination, if the records of the District of Columbia jail would refresh his recollection, Thomas stated that he had written for and received the records but that they had been incorrect. The records which were subsequently produced revealed that the appellant was not incarcerated in the jail in question until several hours after the robbery.

Tolson, the second hold-up man, testified that Thomas was not involved in the robbery and that as far as he knew Thomas had not been in jail on January 2, 1965 but at his mother's

home. A William Watson also testified that Thomas had definitely been at his mother's home.

## I

Thomas' first contention is that the evidence was insufficient under the first indictment in that there was a lack of proof that more than one hundred dollars ($100.00) had been taken from the cash register. It seems to us that the testimony of George Frederick Grieninger, the manager of the gas station, who testified as to the amount of money that was missing, was sufficient to take the issue to the jury.

Thomas also complains that the identification was insufficient. The Court of Appeals of Maryland and this court have repeatedly held that the identification by the victim, if believed, is sufficient, *Walters v. State,* 242 Md. 235, 218 A. 2d 678, *Jones v. State,* 2 Md. App. 356.

## II

The next complaint concerns the conviction of grand larceny and receiving stolen goods on the basis that the counts were mutually exclusive. It is true that the verdict is inconsistent, however, there was no objection below and there was no prejudice. In *Bell v. State,* 220 Md. 75, 150 A. 2d 908 at page 911 the Court of Appeals discussed this matter thoroughly and stated:

> "We also observe that in Heinze v. State, 1945, 184 Md. 613, 42 A. 2d 128, we recognized that a general verdict of guilty on two inconsistent counts, such as larceny and receiving, is defective. This is so because a defendant cannot be both a thief and a receiver when it is apparent that the property alleged to have been stolen is the same as that alleged to have been received. When a verdict of guilty is rendered on inconsistent counts, the defendant has a right to require the trier of facts to specify on which of the counts he is guilty, but it is a right which may be waived. Since the question was not raised below in any manner, it may be that the defendant waived the inconsistency. In any event, the court passed but one sentence of a

year's duration and then provided that it should run concurrently with the previous sentence of three years for the receiving and unauthorized use of the automobile referred to in the first indictment. Since it does not appear that the defendant has been prejudiced [Heinze v. State, supra] by the rendition of inconsistent verdicts under the second indictment, we see no reason to make such inconsistency the basis for a remand of the case for further proceedings or a new trial." Also see *Holtz v. State*, 1 Md. App. 358, 230 A. 2d 117.

In the present case the sentence under the first indictment (charging larceny and receiving) was for five years and was to run concurrently with two robbery sentences of twenty years.

### III

Thomas contends that he was denied due process of law because of prejudice of the trial judge. The prejudice was allegedly shown by certain statements of the judge during the trial and on the fact that the same judge had presided at a preceding trial which was voided. In *Day v. State*, 2 Md. App. 334, we held that a "judge would not be disqualified *ipso facto* from trying the case merely because he presided at the original trial." See also *Board of Medical Examiners v. Steward*, 203 Md. 574, 102 A. 2d 248, *Thanos v. Superintendent*, 204 Md. 665, 104 A. 2d 926 and *Napier v. Director*, 232 Md. 654, 194 A. 2d 277.

In the course of the charge the trial court referred several times to the testimony of the State's witnesses but did not refer to the testimony of the defense witnesses. A reading of the entire charge indicates, however, that the references to the testimony were only for the purposes of illustrating the meaning of the various indictments and in each instance the judge was careful to caution the jury that he was giving only the State's evidence and, of course, gave the general advisory instruction that whatever he said was not binding upon the jury. Although better practice would require that reference not be made to the evidence of the State without making equal reference to the evidence of the defense, it is obvious here that the trial judge was very careful and that the jury understood that the reference

was only for the purposes of illustration and consisted of only a part of the evidence. We find no error.

In imposing sentence the trial judge stated that he was impressed with Thomas' lengthy criminal record and the fact that although he had been convicted by two separate juries he still denied his guilt and showed no remorsefulness for the crime. Obviously these are proper considerations in imposing sentence and show that the judge was motivated only by his duty to the public, see *Gee v. State,* 2 Md. App. 61, 233 A. 2d 336.

## IV

Thomas alleges that his counsel was incompetent. The matter was not raised below, therefore not properly before this court, Maryland Rule 1085, see *Jordan v. State,* 2 Md. App. 415, *Harris v. State,* 2 Md. App. 408. Although it is, perhaps, possible that ineptness of counsel would be so apparent from the face of the record we could determine in an appeal that an appellant had been denied due process of law, such inadequacy is not apparent on this record. The appellant's counsel was faced with an open and shut case for the prosecution. He did the best he could to support the alibi. It is no reflection on his ability that he was not successful.

## V

Thomas also raised a question of due process of law based on the procedure in determining his motion for a new trial. In order that there could be no question concerning this point, by order dated June 27, 1967, this court returned the record to the trial judge for a redetermination of Thomas' motion for a new trial. After an appropriate hearing, September 26, 1967, the motion was denied and the record retransmitted to this court for determination of the remaining issues.

*Judgment affirmed.*