CLAUDE GRIMES *v.* STATE OF
MARYLAND

[No. 321, September Term, 1967.]

*Decided July 25, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Jerome Piven* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph R. Raymond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Claude Grimes, the appellant, was convicted of grand larceny by the Criminal Court of Baltimore, Judge Charles D. Harris presiding without a jury. He was sentenced to a term of ten years. On appeal he complains (1) that his conviction was based solely on the uncorroborated testimony of an accomplice; (2) that he should not have been convicted of larceny based upon the recent possession of stolen goods when he was, at the same trial, acquitted of the charge of receiving the goods; (3) that since there was a choice the trial judge should have convicted him of the lesser crime of receiving rather than the greater crime of larceny; and (4) that possession of recently stolen goods is not sufficient to support a conviction for larceny.

Herbert Henderson, an officer of M. Kovens Company, a Maryland Corporation, testified that on December 1, 1966, at about 6:30 P.M. he learned that one of the company's vans was missing, containing furniture valued at One Thousand

Three Hundred and Seventy-Four Dollars ($1,374) ; and that all but five of the missing items were recovered at 2016 N. Payson Street, the home of one Jesse L. Wise. Henderson was prompted to go there by a telephone call received at about 9:00 A.M. the next morning. In that call he was informed by a man, who gave the name of Philip Dorsey, but who is otherwise unknown, that the "Kovens stuff" was at that address and that he should ask for "Buck". He went there with two police officers, arriving about 10:30 A.M. They were freely admitted by Wise ("Buck") who showed them the merchandise in the basement and on the second floor. Some of the merchandise was still in brown packing.

Wise told Henderson that Claude Grimes, the appellant, brought the furniture there and asked if he could store it in his house.

Wise testified that he lived at 2016 N. Payson Street, and on December 1, 1966, just before dark, Grimes came to his home and asked if he could leave some things. Wise replied that he could and resumed playing a card game with his wife and children in the kitchen. He stated he didn't pay much attention to how much was brought in by Grimes and two other men and didn't know what was brought into the house.

Grimes denied participation, claiming he didn't leave his house at all on December 1, 1966. He claimed he had three visitors on that date but none of them testified. He admitted having previously been employed by Kovens and admitted familiarity with the Kovens' truck operations. The lower court carefully summarized the evidence indicating that he was impressed with Wise and believed his testimony and that he did not believe Grimes' alibi, and stated further that he thought some of the alibi witnesses had committed perjury.

## I Was Wise an Accomplice?

The test to determine whether or not a witness is an accomplice is whether he himself could have been indicted and convicted for the offense either as a principal or as an accessory before the fact, *Watson v. State,* 208 Md. 210, 117 A. 2d 549, 2 Wharton, *Criminal Evidence* § 448 (Anderson's 12th Ed.). Grimes contends that since the evidence showed that Wise was

in possession of the stolen merchandise he could also have been convicted as being the thief. This argument overlooks that portion of the rule which holds that an accused can be convicted only in the absence of a reasonable explanation, *Anglin v. State,* 1 Md. App. 85, 227 A. 2d 364. In the present case the trial court stated that he believed Wise's story; therefore we must hold that his explanation was reasonable. Maryland Rule 1086.

## II   Acquittal of Possessing and Receiving

Grimes next contends that since he was acquitted of possessing and receiving stolen goods he could not, at the same trial, be convicted of larceny based upon the possession of recently stolen goods, alleging that the acquittal of the receiving was *res judicata* as to the larceny on these facts. This Court and the Court of Appeals have held several times that an accused cannot be convicted of both receiving and larceny in that the thief does not receive and the receiver is not the thief, e.g. see *Fletcher v. State,* 231 Md. 190, 189 A. 2d 641, *Thomas v. State,* 2 Md. App. 645, 236 A. 2d 747. Obviously then an acquittal as to one charge would not bar a prosecution as to the second charge. Grimes' reliance on *United States v. Maybury,* 274 F. 2d 899 (2nd Cir.) distinguished by the Court of Appeals of Maryland in the case of *Johnson v. State,* 238 Md. 528, 209 A. 2d 765 is misplaced because the verdicts in the present case were consistent.

## III   The Less Serious Crime

Grimes next contends that since under the evidence he could have been convicted of either larceny or of receiving stolen goods, that he should have been convicted only of the less serious crime. He relies on *Jordan v. State,* 219 Md. 36, 148 A. 2d 292 wherein the Court of Appeals approved a conviction for receiving under evidence that could possibly have supported a conviction for larceny. The evidence in that case showed that several persons were involved in the larceny and there were other facts indicating that the accused was as likely to have been the receiver as the thief. Grimes' argument was made to the Court of Appeals in the subsequent case of *Anglin v. State,* 244 Md. 652, 224 A. 2d 668. The Court rejected the argument

stating there was no evidence that any person other than the accused was involved in the larceny. In *Anglin* the Court pointed out that in *Jordan* the defendant's hands and clothing were clean soon after the stolen car had been dismantled which made the inference that he was the receiver just as reasonable as that he was the thief or "one of the several thieves." There is no fact in the present case which would point to the fact that Grimes was a receiver rather than one of several thieves. The very short interval between the time of the crime and the time when he was shown to be in possession would tend to indicate that he was not the receiver but one of the thieves. Although the possession of stolen goods to support a conviction for larceny must be exclusive this does not mean that the possession cannot be a joint possession of several persons. See *Bury v. State,* 2 Md. App. 674, 236 A. 2d 751 and cases therein cited. We cannot say that the trial judge was clearly erroneous in his verdict. Maryland Rule 1086.

## IV Evidence

Appellant argues that the evidence was insufficient to support the verdict. (a) He argues first that the court should have accepted his testimony, but we have repeatedly ruled that there is no obligation on the court to believe the testimony of the accused.[1] (b) He argues further that the bare possession of stolen goods is not sufficient to support a conviction for larceny. This argument was answered constitutionally as well as factually by the Court of Appeals in *Anglin v. State, supra,* citing many prior cases, and has been passed upon by this Court in several recent cases, two of which are *Bury v. State, supra,* and *Anglin v. State, supra.*

*Judgment affirmed.*

---

1. For examples see: *Wilson v. State,* 2 Md. App. 210, 233 A. 2d 817, *Chittum v. State,* 1 Md. App. 205, 228 A. 2d 628.