## THOMAS WILLIAM JEFFERIES *v.* STATE OF MARYLAND

[No. 133, September Term, 1968.]

*Decided January 15, 1969.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Solomon Baylor* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Thomas William Jefferies, the appellant, complains of a conviction for petty larceny by the Criminal Court of Baltimore, Judge William J. O'Donnell presiding without a jury. He was sentenced to a term of one year consecutive to an eighteen month term which had been previously imposed in connection with a different crime. On appeal he alleged that the trial court reached inconsistent verdicts on the same evidence, and that the trial court "abused its discretion with officious intermeddling in the prosecution and defense of the appellant."

The evidence disclosed that a pharmacy was broken into on August 26, 1967 at approximately 2:00 p.m. and that articles in the value of approximately $10,000 were taken. In response to a telephone call that a burglary was in progress Baltimore police officers discovered Jefferies and a co-defendant carrying a small quantity of the goods away from the store. The co-defendant entered a plea of guilty to receiving stolen goods which was accepted by the trial court prior to the beginning of Jefferies' trial.

Jefferies alleges that his conviction of petty larceny was invalid because it was inconsistent with that of his co-defendant who was permitted to plead guilty to receiving.[1] Jefferies cites no authority which supports his proposition. In *Boone v. State,*

---

1. See *Thomas v. State,* 2 Md. App. 645, 236 A. 2d 747; *Grimes v. State,* 4 Md. App. 607, 244 A. 2d 456 for the rule that one person cannot be convicted of both larceny and receiving.

3 Md. App. 11, 31, 237 A. 2d 787 it was contended that because a co-defendant had been permitted to plead guilty to murder in the second degree that the appellant could not be convicted of murder in the first degree. We rejected the contention stating: "The fact of the conviction or acquittal of one person charged with a crime is neither relevant nor material to the issue of the guilt or innocence of another person charged with the same crime as a co-perpetrator." Contrary to the proposition taken by the appellant, the admission of evidence of the conviction or acquittal of a co-defendant at a prior trial would be error. Although there is some authority for the contrary, the majority rule is that even when two or more co-defendants are tried jointly there is no need to demonstrate rational consistency between the verdicts as to all defendants excluding, of course, a crime, such as conspiracy, which requires the participation of more than one person. See 22 ALR 3rd 717. There is, of course, even less necessity that there be a rational consistency between a guilty plea tendered by one co-defendant and accepted, and the conviction of the other defendant of an inconsistent crime after a separate trial on the merits. The fact that the co-defendants were jointly indicted and the case was called for a joint trial does not alter the fact that the co-defendant's guilty plea severed his trial from Jefferies who entered a not guilty plea.

Jefferies also alleges that the trial judge abused his discretion with "officious intermeddling with the prosecution and defense." To support his argument he alleges the record showed that the trial court asked 47 questions of the prosecution's witnesses and 108 questions of the defense's witnesses. He points to no question as being improper but alleges that the number of such questions shows on its face that the trial was not fair. In *Madison v. State,* 200 Md. 1, 87 A. 2d 593 the Court of Appeals specifically affirmed the right of the trial judge to intervene into the questioning of witnesses. Although the number of questions asked by the trial judge in this particular case would exceed those normally asked by a trial judge this fact alone does not mean that Jefferies' trial was in any way unfair; on the contrary it tends to show that the trial judge was being meticulously careful to make sure that the full facts were brought out

so that his decision would be absolutely correct. It is noted that although Jefferies was found in the exclusive possession of recently stolen merchandise he was not convicted of storehouse breaking as he might well have been except for a doubt in the trial judge's mind. See *Burkett v. State,* 5 Md. App. 211, 245 A. 2d 911.

*Judgment affirmed.*