## SIM-KEE CORPORATION, INC. *v.* JOHN R. HEWITT, ETC.

[No. 172, September Term, 1971.]

*Decided October 28, 1971.*

<hr>

The cause was argued before THOMPSON, MOYLAN and GILBERT, JJ.

*Edward P. Murphy,* with whom was *Allan B. Rabineau* on the brief, for appellant.

*Anthony A. Abato, Jr.,* with whom were *Thomas E. Bracken* and *Bracken & Abato* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

On July 21, 1967, John R. Hewitt, one of the appellees, was driving a tractor-trailer truck from Baltimore enroute to Washington, D. C. Mr. Hewitt detected tractor trouble, and after consultation with his service manager, took the truck to the appellant's "Big Wheel Truck Stop" located on Maryland Route 3. Appellant's mechanic raised the cab to permit access to the engine and worked on the vehicle for a few minutes. After the cab was lowered into driving position, Mr. Hewitt asked the mechanic if the

cab was locked into position; the response was "yes, it's locked." Mr. Hewitt then proceeded south on Route 3.

Appellee Hewitt, sustained injury when, while attempting to come to a stop near the intersection of Route 3 and Route 175, the cab swung forward on its hinges and he was hurled out of the tractor. According to the treating physician, Hewitt sustained "multiple contusions and abrasions of his body, a sprain of the cervical, dorsal and lumbar spine, and a concussion of the brain associated with neuritis of the glosso-pharangeal nerve."

In this suit for personal injuries, Hewitt is joined by the Liberty Mutual Insurance Company, the Workmen's Compensation insurer of Hewitt's employer, which has a subrogation interest by virtue of payments made pursuant to the Workmen's Compensation Law of Maryland.

The case was tried in the Circuit Court for Anne Arundel County before Judge E. Mackall Childs, sitting with a jury on January 19 and 20, 1971. The jury returned a verdict for the appellees in the amount of $5,500. After motion and hearing, Judge Childs ordered that a new trial be granted unless the appellees file a remittitur in the amount of $1,500.00. The remittitur was filed and judgment absolute entered. The evidence shows medical expenses and lost earnings together amounted to approximately $1,500.00.

Appellant alleges: 1) that the conduct of the trial judge in questioning its expert witness, Westerman, was prejudicial to its defense, and 2) that the court committed prejudicial error in instructing the jury on the issue of permanent injury.

## I

The appellant produced as one of its witnesses, George J. Westerman, an expert in the field of tractor mechanics; following his cross-examination, the court asked the witness a series of questions concerning the relationship of the representations in a manufacturers exploded-view parts diagram, to the particular vehicle in question. Appellant contends that the manner in which the court ques-

tioned the witness gave the jury the impression that the testimony of that witness was not worthy of belief.

It is not improper for a trial judge, presiding at a jury trial, to examine a witness on matters admissible in evidence if the previous testimony is not clear. *Martin Fertilizer Co. v. Thomas & Co.*, 135 Md. 633, 640, 109 A. 458 and *Jefferies v. State*, 5 Md. App. 630, 248 A. 2d 807. It is clear from the record as a whole that the court was merely trying to elicit information establishing the relationship of the schematic drawings, used by Westerman in his testimony, to the subject truck. There is nothing in the record to show the manner of questioning was improper, but if the questioning did indicate to the jury that the trial judge was of a certain opinion, any risk of prejudice was dispelled by his clear and explicit instruction:

> ". . . I wish foremost to impress upon you that you should not reach any conclusion, nor draw any inference from anything that I have said or may say or from my tone of voice or manner in saying it . . .".

See *Nicholson v. Blanchette*, 239 Md. 168, 175, 210 A. 2d 732, *State Roads Commission v. Wyvill*, 244 Md. 163, 170, 223 A. 2d 146.

## II

Appellant argues that there is no legally sufficient evidence that the appellee, Hewitt, sustained any permanent injury as a result of the incident and therefore the trial court committed error in its instruction which permitted the jury to consider the issue of permanency.

Appellant's argument loses much of its force when we look at the testimony of the family physician, who, testifying three and one-half years after the accident, said:

Mr. Abato: "Now doctor, do you have an opinion that you can express with reasonable medical probability as to whether the Plaintiff will in the fu-

ture, continue to suffer pain as a result of these injuries?. . ."

Dr. Beck: "From what I know of the patient, from what I remember, I believe the patient still persists with the pains in his neck, dorsal spine, shoulders and I think he is going to have a long period of such pain. This is only a mere opinion based on experience of being a doctor all these years. . . ."

Mr. Abato: "Other than the history you took from the Plaintiff on July 22, 1967, concerning being thrown from the cab, do you know of any other cause, which could have produced or which did, in fact, produce the symptoms for which you treated him?. . ."

Dr. Beck: "No. . . I don't know any other cause.

Mr. Abato: "Alright sir, thank you. Now doctor, can you also state with a reasonable degree of medical probability, whether the Plaintiff will have any permanent disability as a result of the injuries for which you treated him?". . .

Dr. Beck: "I think he will continue to have these pains for an indefinite period of time. Whether you want to call it permanent or not, I don't know.

Mr. Abato: "Well, what do you call them, sir?

Mr. Beck: "I would characterize them as permanent."

Appellant relies on *Mangione v. Snead,* 173 Md. 33, 195 A. 329, for the proposition that where there is no legally sufficient evidence of permanent injury, the issue should be removed from the consideration of the jury by an appropriate instruction. In that case, unlike the in-

stant case, there was a total absence of medical evidence to show that the condition at the time of the trial was permanent in nature. Since the injury was not an obviously permanent disability, such as the amputation of a limb, it was held the question of permanency should not have been submitted to the jury.

Appellant's reliance on *Kujawa v. Baltimore Transit Company*, 224 Md. 195, 167 A. 2d 96 is also misplaced because, there, the plaintiff's expert witness did not, and apparently could not, make a definitive statement characterizing his patient's injuries as permanent. He simply testified that the plaintiff should receive treatment for approximately six months in the future.

The evidence as to permanency in the instant case is also stronger than in *Craig v. Chenoweth*, 232 Md. 397, 401, 194 A. 2d 78, where the court held no jury question was raised when the doctor, when asked "how long treatment would last", stated, "that would be a guess. . . . It would be hard to say", and that he could not put any time limit on duration of the injuries.

In *Salisbury Coca-Cola Bottling Co. v. Lowe*, 176 Md. 230, 4 A. 2d 440, the court held a jury question as to permanency of the injury was presented even though medical testimony as to the particular issue was not clearly brought out, saying at 176 Md. 242:

> "The trial below did not take place until nearly sixteen months after the appellee drank the fluid. He testified that before the incident happened, he was in perfect health; that for three years he lost no time at his work because of illness; that he had not been able to do a minute's work since; and the testimony of Dr. Ward and Dr. Collins tends to show that the appellee's disability is a permanent one."

An analysis of the above cases and those collected in 18 A.L.R.3d 170, shows that the question of the sufficiency of the evidence to raise a jury question, is not one that can be the subject of a general rule but is always

302

dependent on the particular testimony. In the instant case the appellee suffered pain for a period of three and one-half years; his family physician testified the pain was the result of the accident and would continue for a long time into the future and that the injury was permanent. We hold this testimony sufficient to require that the issue of permanency be submitted to the jury for its determination.

*Judgment affirmed.*
*Appellant to pay the costs.*