### TURNER v. DISTRICT OF COLUMBIA.

#### No. 1357.

Municipal Court of Appeals for the District of Columbia.

Argued July 13, 1953.

Decided Aug. 6, 1953.

Chauncey D. Artis, Washington, D. C., for appellant.

C. Belden White, II, Assistant Corporation Counsel, Washington, D. C., Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted by a jury on two counts of keeping for sale and selling alcoholic beverages without a license in violation of D.C.Code 1951, § 25–109.

While several errors are alleged, we reach only one: the failure of the trial judge to promptly instruct the jury to disregard an improper remark by the prosecuting attorney and the failure to cure the prejudice created by this remark in his instructions to the jury. The prosecuting attorney in his summation to the jury stated that "in all fairness to the defendant, this lady charged, that the fact she does not take the stand does not necessarily or should not necessarily draw any inference of her guilt because she fails to take the stand." Counsel for defendant objected, and the court sustained the objection, stat-

4. Section 10(a) of the Act.

ing. to the prosecutor, " * * * I don't think you ought to bring it up at all. That is the defendant's responsibility."

This, we think, did not properly meet the situation. The judge should have admonished the jury that the statement was improper and to disregard it, and then and there should have instructed them as to the law on the subject.[1]

■ Government counsel have confessed error. But we have nevertheless examined the whole record and considered the question independently since public policy prevents shifting the responsibility for reversal from the appellate court to the prosecuting official.[2] For the reasons already stated, it is clear that defendant is entitled to a new trial.

Reversed.

---

1. See Brooks v. District of Columbia, D. C.Mun.App., 48 A.2d 339.

2. Dowell v. United States, D.C.Mun.App., 87 A.2d 630.