## GERALD LEE DAY *v.* STATE OF MARYLAND

[No. 171, Initial Term, 1967.]

*Decided October 20, 1967.*

336

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Georges Serabian* for appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The appellant, Gerald Lee Day, was convicted by a jury, Judge Ralph W. Powers presiding, in the Circuit Court for Prince George's County on July 13, 1966, for the crimes of murder in the first degree and assault with intent to maim. He was sentenced to life imprisonment in the Maryland Penitentiary for the murder of Charles Dennis Shelley, and ten years in the Maryland Penitentiary for assault with intent to maim Charles Parker, to run concurrently with the prior sentence.

Since the appellant does not question the sufficiency of the evidence a detailed statement of the facts and the attendant circumstances will serve no useful purpose. It is sufficient to say that there was ample testimony, if believed, to convict the appellant despite his defense that in a general melee that was taking place he was kicked and beaten and the gun accidentally discharged. The jury found that the gun was in the hands of the appellant when Charles Parker was shot and Charles Dennis Shelley was murdered.

Appellant Day claims prejudicial error because:

1. He was deprived of a fair and impartial trial because he was tried before the same judge who presided at his original trial and who refused to disqualify himself.
2. The trial court erred in refusing to ask the jury on *voir*

*dire* examination a question regarding their opinion about the carrying of a gun.

3. The trial court erred in denying the appellant's motion of double jeopardy as to the crime of murder in the first degree.
4. That the State knowingly and intentionally used false and perjured testimony to convict the appellant.
5. That the remarks of the State's Attorney in his closing argument to the jury were prejudicial to the substantial rights of the appellant.
6. That the trial court committed reversible error when it overruled the appellant's objection to certain testimony.
7. That the appellant was denied a fair and impartial trial because of certain remarks and rulings of the trial court.
8. The State's Attorney in his closing argument to the jury made misrepresentations as to the law and facts.
9. That the trial court erred in its instructions to the jury with respect to the crime of murder.

I

As his first contention appellant alleges that the trial judge was requested to disqualify himself because he presided at the original trial and had made certain prejudicial remarks which precluded him from conducting a fair and impartial second trial. Since the record fails to disclose that any such request was made, this issue cannot be raised here for the first time. Maryland Rule 1085. Moreover, had such a request been made and not included in the record appellant could have filed a motion to supply the omission under Maryland Rule 1027.

Assuming, however, that the disqualification *vel non* of the trial judge was properly before this court, it is clear that the judge would not be disqualified *ipso facto* from trying the case merely because he presided at the original trial. See *Lane v. State,* 226 Md. 81 (1961), cert. den. 368 U. S. 993 (1961), where the Court of Appeals held that there was no bias or prejudice shown because the trial judge had heard the defendant's petition for a writ of habeas corpus. See also *Napier v. Director,* 232 Md. 654 (1963); *Walker v. State,* 186 Md. 440 (1946); *Lowery v. State,* 202 Md. 314 (1953). See also *Coppedge v. U. S.,* 311

F. 2d 128 (D. C. Cir., 1962), where the Court held that the trial judge acted properly in not disqualifying himself because the accused claimed he had presided at his first trial and had formed opinions concerning him as a result of that experience. Cf. *Walker v. Brough*, 368 F. 2d 349 (1966). The trial court pointed out that the defendant was being retried because of the *Schowgurow* rulings. The case was tried before a jury and not before the court and the appellant could have availed himself of the right of removal had he felt that he would not receive a fair trial.

## II

The trial judge on *voir dire* examination refused to ask the jury the following question:

> "Are there any members of the jury here that would prejudge a man ahead of time as to carrying a gun, and whether or not this in their minds would be that a person should not carry a gun?"

The Court of Appeals has held many times that since there are no statutes or precise rules regulating the procedure, the nature and extent of *voir dire* examinations rest in the sound discretion of the trial court. *Piles v. State*, 233 Md. 487 (1964). Cf. Maryland Rule 745. It is well established that questions asked prospective jurors which are not directed to a specific ground for disqualification may be refused in the discretion of the trial court. *McGee v. State*, 219 Md. 53 (1959); *Whittemore v. State*, 151 Md. 309 (1926).

It is manifest that the question posed by the appellant would not have elicited such bias or prejudice that would disqualify a prospective juror from rendering a fair and impartial verdict. *Glaros v. State*, 223 Md. 272 (1960). We cannot say that the trial judge abused his discretion in refusing to ask the question.

## III

Appellant was first tried by a jury and found guilty and sentenced to serve eighteen years in the Maryland Penitentiary for second degree murder, and fifteen years for assault with intent to maim, both sentences to run concurrently. He noted an appeal which was pending when the case of *Schowgurow v. State*,

240 Md. 121 (1965) was decided. He elected to declare the proceedings void, which was done in accordance with the direction in the *Schowgurow* case. Subsequently he was retried for murder and assault with intent to maim and was convicted of both offenses and sentenced to life imprisonment for murder and ten years for assault with intent to maim, to run concurrently.

He now contends that the trial court erred in denying his motion of double jeopardy as to the crime of murder in the first degree. The same contention was raised before this Court in *Sadler v. State*, 1 Md. App. 383 (1967) and decided adversely to the appellant. In arriving at this conclusion this Court relied on the decision of the Court of Appeals in *Tate v. State*, 236 Md. 312, 316 (1964) where the Court held that when a defendant has been tried on an indictment that is invalid, he is not in jeopardy and he may be indicted and tried again.

In the case of *State v. Barger*, 242 Md. 616 (1966) cited by the appellant there had been a regular trial upon a valid indictment and a finding of not guilty of a specific offense. There the Court held that defendant could not be tried again for the same offense. This rule, however, is predicated upon a valid indictment.

Here, however, the appellant exercised his right by timely action to attack his indictment following the holding of the Court of Appeals in *Schowgurow v. State, supra,* and companion cases. His attack resulted in the indictment being held invalid, which brings his case within the rule stated in *Tate*. He was thereafter reindicted for the same offenses and under our holding in *Sadler v. State, supra,* reaffirmed in *Benton v. State,* 1 Md. App. 647 (1967), we find that his second trial did not place him in double jeopardy and this contention is without merit.

IV

Appellant's next contention is that the State knowingly and intentionally used false and perjured testimony to convict the appellant. This contention is based upon the closing argument made by the State's Attorney in which the State made certain derogatory remarks about all of the witnesses, including those for the State as well as those for the defense. We find nothing

in the record that discloses any attempt made by the appellant to show that this allegation was known to the State and used with an intention to convict. Argument of counsel is not evidence and this fact was so stated in the court's charge.

In *Madison v. State*, 205 Md. 425 (1954), at page 434, the Court of Appeals said:

> "When a convicted defendant moves to set aside his conviction on the ground that it was procured by the use of the perjured testimony, the burden is on him to show not only that material perjured testimony was used to convict him, but also that it was knowingly and intentionally used by the prosecuting authorities."

## V

There is no such evidence in this case and we find no merit in this contention.

Appellant's next contention is that the remarks of the State's Attorney in his closing argument to the jury were prejudicial to the substantial rights of the appellant. The record does not show that there was any exception or objection taken at the time of the State's Attorney's final closing argument so that the question is not properly before us for review. Maryland Rule 1085. If the accused desired to complain of an alleged impropriety in the State's Attorney's closing argument he should have either moved to strike it out or moved to withdraw a juror and declare a mistrial. He did neither. *Dresbach v. State*, 228 Md. 451 (1962).

## VI

Appellant's next contention is that the trial court committed reversible error when it overruled appellant's objection to certain testimony. This objection was apparently based on the fact that appellant's claim that the witness was testifying to the mental condition of the defendant. A careful reading of the transcript shows that this is not correct, as acually the witness was testifying as to the condition of Charlie Parker who had been previously shot by the appellant. It is clear that the statement "Let him go, Charlie is okay" was not an opinion or assessment of the appellant's mental condition, but was merely

a statement by Charles Dennis Shelley to James Shelley to let the appellant go because Charlie Parker, who had been shot by the appellant, was all right. There is no merit to this contention.

## VII

Appellant's next contention is that he was denied a fair and impartial trial because of certain remarks and rulings of the trial court. In support of his argument, appellant contends that the trial court displayed marked partiality in favor of the State and against the defendant, and, therefore, denied him due process of law in violation of his constitutional rights to a fair and impartial trial.

It is, of course, a basic concept that a party shall have a fair and impartial trial and the court should do nothing by its actions, words or manner to demonstrate partiality. It must be kept in mind, however, that counsel for either of the parties to a case must conduct their case in an orderly and well-behaved manner and adhere to the rules of evidence so that extraneous matter is not presented to a trier of fact without coming from the witnesses' lips; otherwise, they may expect some rebuke and admonition. In *Bryant v. State,* 207 Md. 565 (1955) the Court of Appeals, at pages 584, 585, said:

> "It is a precept of the law that a judge should be impartial and courteous, and should not allow his personal feelings to be exhibited before the jury, but should be careful in his remarks during the progress of the trial. Attorneys likewise have the duty to conduct themselves properly before the courts, and where an attorney persists in obnoxious actions, the court has the right to rebuke him for such improprieties."

There is no evidence that the actions and statements of the trial court prejudiced the appellant to the extent that he was deprived of a fair and impartial trial. Moreover, since the appellant did not make known his objection to the actions of the court, the propriety of the judge's remarks is not before this Court. Maryland Rules 522 and 1085; *Elmer v. State,* 239 Md. 1 (1965).

## VIII

Appellant's eighth contention is that the State's Attorney in his closing argument to the jury made misrepresentations as to the law and the facts.

In arguing to the jury a certain degree of latitude must be allowed counsel and unless the argument is untruthful or plainly prejudicial, the fact that statements may not be entirely accurate is of little moment unless prejudice can be shown. See *U. S. v. Mucherino*, 311 F. 2d 172 (1962). From the record it appears that the State's Attorney's argument to the jury with respect to the alleged injuries sustained by the appellant was a fair comment on the evidence. Furthermore, since no objection was made to the alleged misrepresentations made by the State's Attorney in his closing argument, this question cannot be considered on appeal. Maryland Rule 1085.

## IX

Appellant's last and ninth contention is that the lower court erred in its instructions to the jury with respect to the crime of murder. During the course of the advisory instructions by the court, it was stated, "that since murder is the unlawful killing of a human being with malice aforethought, the law presumes that all homicides are committed with malice aforethought and constitute murder, the burden being on the accused, that is the defendant, to show circumstances of alleviation excuses or justification to reduce the offense to manslaughter", to which an exception was taken. We find nothing improper in the court's instructions. Appellant has apparently confused the burden of proof with the burden of persuasion. Substantially the same instructions appear in *Abney v. State*, 244 Md. 444, 448 (1966). We, therefore, find no merit to this contention.

*Judgment affirmed.*