ROY LEE HYMAN *v.* STATE OF
MARYLAND

[No. 339, September Term, 1967.]

*Decided July 29, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Bernard A. Greenberg* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Hilary D. Caplan, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was charged in a six-count indictment in the Criminal Court of Baltimore with (1) breaking the storehouse of Robert Peltzer on July 21, 1967 with intent to steal goods of the value of $100.00 or more, (2) with breaking said storehouse with intent to steal goods of a value less than $100.00, (3) with breaking said storehouse *and stealing* certain goods of a value of $5.00 or upwards, said goods being expressly particularized in such count to include a number of guns identified by serial number, ammunition, and other items, (4) with being a rogue and vagabond, (5) with grand larceny of the items specified in the third count of the indictment, and (6) with receiving the particularized stolen goods. One of the guns specified as having been stolen was a "PIC Serial ♯ 125559" of the value of $10.50.

The owner of the victimized premises did not appear at the trial, his testimony being the subject of a stipulation that if he were to testify he would state that his store was broken into on July 21, 1967 and that "various guns" were stolen therefrom, amounting in value, collectively, to over $100.00, and that a .22 caliber revolver, Serial ♯ 125559, was registered in his name. It was not stipulated that this gun was taken in the burglary.

Officer William Stanley of the Baltimore City Police Department testified that on August 5, 1967, he responded to a call to a home in Baltimore City, at which time he observed the appellant "sitting in a living room chair with a gun in his hand." The officer testified that he placed appellant under arrest and forwarded the gun to the crime laboratory. After testifying that "records" are kept at the crime laboratory, and that there is a Departmental "offense report" of the crime, the officer was asked on direct examination:

> "As the result of your investigation, what did you then learn from these records?"

The officer answered:

> "After receiving certain information from the crime lab and checking our records, we found this gun was taken in a burglary that occurred at Peltzer's gun store."

Appellant objected to the officer's answer after it was given, specifying no reason for his objection. The court overruled the

objection, following which the officer further testified, without objection, that "these are part of the records of the Baltimore City Police Department"; and that the offense report showed that Peltzer reported the burglary in question, indicating at that time that a .22 caliber pistol, Serial # 125559, was stolen. The gun was then introduced in evidence over appellant's general objection. The State introduced no other evidence relating to appellant's guilt. The court, sitting without a jury, granted appellant's motion for a judgment of acquittal as to all counts of the indictment except the third, which charged him with breaking *and stealing* goods of the value of $5.00 or upwards under Section 33 of Article 27 of the Maryland Code (1967 Repl. Vol.).[1] Appellant was then sentenced to ten years under the jurisdiction of the Department of Correction.

Appellant contends on this appeal that the trial court erred in admitting into evidence Officer Stanley's testimony "as to the Police Department records concerning the gun taken from appellant at the time of his arrest whereby the officer testified that it was the same gun that, according to Police Department records, had been taken in the storehousebreaking and entering, which records were not placed in evidence, thereby resulting in prejudicial error." In brief, appellant asserts that Officer Stanley's testimony was hearsay and should not have been admitted in evidence. He asserts that he was in no way connected with the crime by the stipulation since it did not include any agreement that the gun was taken in the burglary. As his possession of the weapon constituted his sole connection with the crime, appellant urges that the admission of the hearsay evidence was necessarily prejudicial. He maintains that while the police report may have been admissible in evidence as a business record under Section 59 of Article 35 of the Maryland Code, it was not introduced in evidence, so that the information therein contained could in no event have been properly admissible at the trial.

---

1. "Every person convicted of the crime of breaking into any shop, storeroom, * * * and stealing from thence any money, goods or chattels to the value of five dollars or upwards * * * shall be guilty of a felony and upon conviction be sentenced to the penitentiary for not more than ten years."

The appellant also contends that the admission of the gun itself into evidence was likewise error.

The State contends that as Officer Stanley was testifying or reading from the Police Department records, his testimony was tantamount to the introduction of the record in evidence, and that as Section 59 "does not limit or restrict the manner in which these records may be admissible," the officer's testimony given from and based upon the police records was properly admissible, there being no requirement that the record itself be introduced in evidence.

While not entirely clear from the record, it appears that Officer Stanley did not have any part in the preparation of the Departmental offense report concerning the Peltzer burglary, nor did he, when testifying, have any personal knowledge of the truth of the contents of such police record. He was not therefore simply refreshing his past recollection by referring to the police report.

Section 59 of Article 35 provides, in pertinent part, that "any writing or record" made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof thereof "if made in the regular course of any business, and if it was the regular course of such business to make such memorandum or record * * * at the time of such act, transaction, occurrence or event or within a reasonable time thereafter, * * *." The statute permits the introduction of business records, even though hearsay in nature, when the entry meets the test of "necessity and circumstantial guaranty of trustworthiness," *Morrow v. State,* 190 Md. 559, and it is applicable in criminal as well as in civil cases, *Lauder v. State,* 233 Md. 142. We think it clear that the statute contemplates the introduction of the record itself in evidence as a prerequisite to the admissibility of testimonial assertions relative to its contents by a witness having no personal knowledge of the truth of the matters contained in the record. A proper foundation must therefore be laid showing when the record was made, that it was made in the regular course of business, and it was the regular course of business to make such record. See *Smith v. Jones,* 236 Md. 305; *Goodman v. State,* 2 Md. App. 473. Assuming the police record here in question to be a "business record"

within the purview of Section 59, we hold that as there was no proper foundation for the introduction of such record in evidence, Officer Stanley's testimony outlining the contents of the record was clearly hearsay, and would have been inadmissible upon proper objection.

We think, however, that Officer Stanley's testimony, even though hearsay, was nevertheless admissible since no timely objection was made to it. It is well settled that, generally speaking, to preserve an issue on appeal in regard to the admissibility of evidence, there must be an objection made *to the question* eliciting the allegedly objectionable answer; and if counsel desires to preserve an objection to a line of testimony, this must be stated to the trial court and a continuing objection indicated. *Rose v. State,* 240 Md. 65; *Culver v. State,* 1 Md. App. 406. The ground for appellant's objection to Officer Stanley's testimony concerning what he learned from the police records was plain and manifest at the time the question was asked, but, in any event, he made no further objections to the officer's subsequent testimony relative to the details of the police report and the fact that it showed that the gun in question had been taken from the storehouse of Robert Peltzer at the time of the crime. As this testimony came in without timely objection having been made, we do not think the issue was properly preserved on appeal. See *Rose v. State, supra; Peisner v. State,* 236 Md. 137; *Hyson v. State,* 225 Md. 140; *Gaudio v. State,* 1 Md. App. 455; Maryland Rule 522 d. Although hearsay, Officer Stanley's testimony may be afforded the same probative force as if it were competent, the weight being for the trier of fact. *Boggs v. State,* 228 Md. 168; *Moxley v. State,* 205 Md. 507. As such testimony was received in evidence, it provided the necessary foundation for the introduction of the gun into evidence and consequently no error was committed in admitting it at the trial.

Appellant's final contention—that the evidence was insufficient to convict—is without merit. To support a conviction for breaking and stealing under Section 33 of Article 27, it must be shown (a) that there was a breaking, and (b) that there was a larceny amounting in value to $5.00 or more. *Turner v. State,* 242 Md. 408; *Graczyk v. State,* 233 Md. 245; *Chittum v. State,* 1 Md. App. 205. It was stipulated that there was a

breaking and that guns amounting in value to over $100.00 were stolen at that time. That appellant was found in exclusive possession of one of the stolen guns soon after the theft justifies the inference that he was the burglar, there being no reasonable explanation given by him as to how he came into possession of the stolen weapon. While there was no specific proof offered by the State that the stolen gun recovered from appellant had a value of $5.00 or more, the proof that the value of the stolen guns collectively exceeded $100.00, considered in light of the inference that appellant was the burglar, suffices to show that he broke the storehouse and stole, at that time, goods of a value of $5.00 or upwards. See *Anglin v. State,* 244 Md. 652; *Rose v. State, supra; Frey v. State,* 3 Md. App. 38; *Reagan v. State,* 2 Md. App. 262. See also *Shipley v. State,* 220 Md. 463.

*Judgment affirmed.*