JIMMY KEITH SIZEMORE *v.* STATE
OF MARYLAND

[No. 118, September Term, 1968.]

508

*Decided December 4, 1968.*

The cause was argued before Murphy, C.J., and Anderson, Morton, Orth, and Thompson, JJ.

*Harry J. Goodrick* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donald C. Cole, Jr., State's Attorney for Cecil County,* and *Julius A. Jodlbauer, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Six questions are presented on this appeal relating to the following issues:

   I  Change of venue.
   II  Variance between the allegata and the probata.
   III  The admission of evidence.
   IV  The legality of the arrest and the reasonableness of the search and seizure.
   V  The sufficiency of the evidence.
   VI  Prejudice from the State's Attorney's comments to the jury.

The appellant was found guilty by a jury in the Circuit Court for Cecil County of grand larceny charged in the 5th count of the indictment, drawn under Md. Code, Art. 27, § 340, and larceny of a motor vehicle charged in the 9th count of the indictment, drawn under Md. Code, Art. 27, § 348. He was sentenced to 12 years on each conviction, the sentence on the 9th count to run concurrently with that on the 5th count.

I

*THE MOTION FOR CHANGE OF VENUE*

Prior to trial the appellant filed a motion for a change of venue and a hearing was held thereon. Linda L. Boulden, called by the appellant, testified that she resided in Earleville. She identified a placard as being in most stores around the area. The placard offered a reward to anyone having information about the large number of robberies in the area. She said that the general feeling of the people in the community was that they were upset and bothered about the robberies and wanted to "put an end to it." The appellant introduced four newspapers containing reports of crimes, articles on crime and letters to

the editor on the subject. Three of the newspapers were circulated prior to the date of the commission of the crimes with which the appellant was charged. The other, published on the date of his crimes, bore a front page headline, "Police capture thief suspects." The lower court found that none of the newspapers were inflammatory "or in any way remotely prejudicial" to the appellant, including the one carrying the factual report of the capture of the appellant and other suspects. It felt that the evidence—the newspapers, the placard and the testimony of the witness—did not meet the burden of persuasion that the appellant had been prejudiced. Holding that the appellant could receive a fair and impartial trial in Cecil County and his rights could adequately be protected by a full and complete examination of prospective jurors on their *voir dire,* it denied the motion. Whether or not non-capital cases should be removed is a matter within the sound discretion of the lower court. *McLaughlin v. State,* 3 Md. App. 515. The burden was on the appellant to show that he had been prejudiced by adverse publicity and that the *voir dire* examination of prospective jurors, available to him, would not be adequate to assure him a fair and impartial jury. See *Seidman v. State,* 230 Md. 305; *Gray v. State,* 224 Md. 308; *Walter v. State,* 4 Md. App. 373. We cannot say that the lower court was clearly erroneous in its judgment on the evidence and find no abuse of discretion in the denial of the motion for a change of venue. Md. Rules, 1086.

## II

### VARIANCE BETWEEN THE ALLEGATA AND THE PROBATA

The 5th count of the indictment charged that the appellant "unlawfully did steal, take and carry away" specified goods over the value of $100 of Warren Jay Gerhardt. The count listed certain particularly described goods as stolen and also alleged that goods generally described as "tools" were stolen. Evidence adduced by the State showed that only "1 blue tool box" particularly described in the count and certain tools contained therein, which would be included in the general designation of "tools" in the count, were the property of Warren Jay Gerhardt; the other goods were shown to be the property of Cecil-

ton Farm & Home Supply, a partnership, the partners being Warren Jay Gerhardt and his father. The appellant claims that the count was defective as not in accordance with Md. Code, Art. 27, § 605, which provides, in relevant part:

> "In any indictment for any felony or misdemeanor wherein it shall be requisite to state the ownership or possession of any property whatsoever * * * which shall belong to or be in possession of more than one person, whether such persons be partners in trade, joint tenants, parceners, tenants in common or trustees, it shall be sufficient to name one of such persons, and to state such property to belong or to be in possession of the person so named, and another or others as the case may be; and whenever in any indictment * * * it shall be necessary to mention for any purpose whatever any partners, joint tenants, parceners, tenants in common or trustees, it shall be sufficient to describe them in the manner aforesaid."

We think it clear that the count did not state the ownership of those goods shown to be partnership goods in the manner stated to be sufficient by the statute. While it is not necessary to name each partner, the statute requires that one be named and to state such property to belong to the one named "and another or others." The count here did not do so, placing ownership only in Gerhardt. But that the count did not state the ownership of the goods in the form stated to be sufficient by the statute as to partnership goods did not render the count defective. It made a proper allegation of ownership in an individual and was valid as framed. The question is, however, whether there was a variance between the allegation and the proof. That is to say, may a conviction of larceny be had under an allegation that the goods stolen were the property of Warren Jay Gerhardt on proof that the goods were the property of Gerhardt and another as co-partners. We do not think so. In *Melia v. State,* 5 Md. App. 354, we said, "Since larceny is a crime against possession, * * * an allegation of the ownership of the property alleged to have been stolen is a necessary requisite in a larceny indictment and proof of ownership as

laid in the indictment is an essential factor to justify a conviction * * *." (citations omitted)[1] In *Melia* we held that there was a fatal variance when the allegation was that goods were owned by two corporations and the proof was that they were owned only by one corporation. Here the allegation was that goods were owned by one person and the allegation was not in the form stated to be sufficient as to ownership in that person and another as partners by Md. Code, Art. 27, § 605. As to those goods proved to be owned by that person and another as partners, the allegation was not sustained by the proof and there was a fatal variance. But there was also proof that certain of the goods designated in the larceny count, namely one blue tool box and some tools, were owned as alleged—by Gerhardt alone. Since "indictments for larceny * * * are sustained by proof of taking any part of the goods averred * * *, provided the punishment is the same, whether more or less is taken," *Hochheimer, Criminal Law*, § 263, p. 167, this proof would have been sufficient to sustain the conviction of grand larceny if those items had a total value of $100 or more and if they were properly identified as having been stolen. There was evidence sufficient to show that the tool box had been stolen and was found in the possession of the appellant. The tool box was on a truck driven by the appellant. However, after he had been apprehended, custody of the box and its contents were not retained by the police but were given to the owner, Gerhardt. Gerhardt produced the box, filled with tools, at the trial. He identified the box and the tools which were in it at the time of the trial, as his, valued the box at $10 and the total value of the tools therein at $213.95, each tool being separately shown him and valued by him. But the tools in the box had not been inventoried by the police before they were returned to Gerhardt and we cannot find in the record evidence sufficient to show that the tools identified and valued by Gerhardt at the

---

1. Of course it is well settled that ownership may be laid in the real owner—general interest—or in the person in whose possession the goods were at the time of the theft—special interest—and that an allegation that a person is the owner may be sustained by proof that he has either a general or a special interest. See *Petrey v. State*, 239 Md. 601; *Melia v. State, supra.*

514

trial were the tools that had been in the box when it was stolen. It is clear that they were in the box when the owner brought it into court at the trial but it was not shown that they were the same tools which were in the box when it was stolen or when it was returned to him by the police.[2] In the absence of such proof we think that the tools were improperly admitted in evidence. Therefore the only proof which could properly be considered as to the goods alleged in the larceny count showed that one blue tool box with a value of $10 had been stolen. This proof was not sufficient to sustain the allegation of grand larceny charged in the count and the judgment on that count must be set aside.[3] The burden was upon the State to prove that the value of the goods taken was in excess of $100. *Cofflin v. State,* 230 Md. 139, 144.

## III

### *THE ADMISSION OF EVIDENCE*

The contention of the appellant under this issue, that the contents of the tool box were inadmissible for the reason that the chain of custody was not established, is rendered moot by our finding in II, *supra.*

---

2. The precise point was raised at trial by appellant's counsel when he objected to the admission of the tools. Both the court and the State "had the impression" that Gerhardt testified that "each individual item" was in the tool box when it was stolen and returned to him although the Assistant State's Attorney said, "At least this is what I thought. I don't know what the record says. It gets to a point any more you don't know if you are coming or going." The tools were admitted in evidence. We cannot find that the testimony bore out the impression of the court and the State.

3. The general rule that evidence is admissible where there is a reasonable probability of its connection with the accused or the crime, *Veihmeyer v. State,* 3 Md. App. 702, 708; *Farley v. State,* 3 Md. App. 584, 587, is not here applicable. That the tools were stolen was a necessary element of the *corpus delicti* which must be proved beyond a reasonable doubt, even though the *corpus delicti* may be proved by circumstantial evidence. See *Gamble v. State,* 2 Md. App. 271; *Howard v. State,* 1 Md. App. 379.

## IV

## THE LEGALITY OF THE ARREST AND THE REASONABLENESS OF THE SEARCH AND SEIZURE

During the trial the appellant moved "to suppress all tangible evidence" on the ground that the search and seizure of it without a warrant was unreasonable because his arrest was illegal. See *Md. Rules, 729*. After receiving testimony out of the presence of the jury, the lower court denied the motion, finding that the arrest was legal. The tangible evidence admitted was the tool boxes and tools seized as an incident to the arrest and were material to the conviction of grand larceny under the 5th count of the indictment. As we have set aside the judgment under the 5th count, the questions with regard to the legality of the arrest and the reasonableness of the search as a result of which the challenged evidence was seized are moot and we need not determine whether the lower court erred in denying the motion to suppress. We note that the truck, the stealing of which by the appellant was charged in the 9th count, was, of course, not physically offered in evidence. A photograph of the truck was admitted in evidence without objection (counsel for the appellant specifically stated that he had no objection to its admission) and when arguing that the State should be required to bring in every item seized, defense counsel said, in response to an inquiry by the Court, "I am not raising an objection to the truck."

## V

## THE SUFFICIENCY OF THE EVIDENCE

The question to which this issue is related is whether there was "evidence of intent to permanently deprive" the owner of the truck stolen of his property. The appellant does not contend that the evidence was not sufficient to show that the truck was taken and carried away by him against the will and consent of the owner. He argues, in effect, however, that while the evidence was sufficient to show larceny of the use of the truck as proscribed by Md. Code, Art. 27, § 349, it was not sufficient to prove the larceny of the truck as proscribed by § 348. The distinction between the larceny of a motor vehicle and the larceny

of its use (commonly referred to as the unauthorized use of a motor vehicle) is that in the larceny there must be an intent to deprive the owner permanently of his property while in larceny of the use the intent is to deprive the owner temporarily. *Gopshes v. State,* 1 Md. App. 396. "The state of one's mind or *scienter* is a question of fact. * * * And being subjective in nature, proof of wrongful intent is seldom direct, but is usually inferred from proven circumstances * * *." (citations omitted) *Weaver v. State,* 226 Md. 431, 434. The proven circumstances here were that the owner of the truck, a 1960 Chevrolet one-half ton pickup, orange and cream, had left it beside the back service door of his place of business, the L.J.C. Farm Store, in Cecilton, Maryland at the close of business on 22 August 1967. The ignition keys were not in it; they had been placed in the cash drawer and locked in the safe. He had not authorized anyone to use it. A witness saw a truck answering the description of the subject truck about 3:20 A.M. on 23 August. It went behind the Cecilton Farm and Home Supply, a hardware store. He called the police. He then saw that a car "had pulled away from the hardware store and went by his residence 'slow.'" The truck came "out from behind the hardware store" and followed the car "north on 213." When the truck went behind the hardware store its lights were off but when it came out the lights were on. A Maryland State Police Trooper received a radio lookout in the early morning hours of 23 August. He proceeded toward Cecilton, and, a short distance from the Chesapeake City Bridge, saw a 1960 Buick and a pickup truck, "orange bottom and light top * * * was right behind it." He followed the vehicles and, talking by radio with another officer, arranged to stop the lead vehicle while the other officer stopped the truck. They did so. The appellant was the driver and only occupant of the truck. The truck was later identified by the owner. It contained goods later shown to have been taken from the Cecilton Farm and Home Supply Store. The appellant gave an oral statement to the police which was admitted in evidence after the receipt of testimony on the issue of its voluntariness out of the presence of the jury. The appellant told the police that he had been hired to go to Cecilton. "He was advised that the situation had been set up." A Thomas Knight drove him

from Baltimore to Cecilton, where two other men, those apprehended in the car, told him where the truck was located. He was to drive the truck with the goods on it to Baltimore and leave it on a side street. He said "his take wasn't that much to get involved in such a minor thing." The appellant offered no evidence in his behalf.

Appellate review of the sufficiency of the evidence to sustain the conviction when the case is tried before a jury is predicated upon the denial of a motion for judgment of acquittal. Here such motion was made and denied and the evidence went to the jury. Thus our function is to determine whether the motion was properly denied and the test applied in such determination is whether the evidence showed directly or supported a rational inference of the fact to be proved, from which the jury could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Williams v. State,* 5 Md. App. 450. In the instant case the only fact to be proved with regard to the larceny of the truck which is disputed by the appellant on appeal is his intent to deprive the owner of his truck permanently. The question was fairly presented to the jury in the instructions of the lower court:

> "The larceny of the vehicle, which is the ninth count, is the wrongful stealing, taking and carrying away, as I have defined the terms, of this vehicle with the intention to deprive the owner permanently of it; while unauthorized use of the vehicle, which is the tenth count, is the wrongful taking and carrying away of the property, but without the intention to deprive the owner permanently thereof, such as borrowing the vehicle to go on an expedition of your own but not really intending to keep it."

We have no difficulty in determining that the evidence and rational inferences therefrom were sufficient for the jury to be fairly convinced beyond a reasonable doubt that the appellant intended to deprive the owner of the truck permanently. It is clear that he took the truck for the asportation of stolen goods and by his own admission he intended to abandon the truck in Baltimore for whatever disposition of it his confederates desired to make. This obviously did not indicate an intention to return

518

it to the rightful owner. That his admitted intention was prevented from being carried out by the alertness and efficiency of the police does not compel a finding to the contrary. "[I]t has been held that if one takes another's property without his consent, and abandons it at a place from which it is not likely to be returned to the owner or recaptured by him, it may be inferred that he intended to deprive the owner of it permanently, though he may testify that he only intended to use it temporarily." *Clark and Marshall, Law of Crimes,* 6th Ed., § 12.04, p. 731. We think that the instant case is clearly distinguishable from the line of cases where a motor vehicle was taken for a "joy ride" so that the thief was guilty of larceny of the use and not larceny.[4] See *Cofflin v. State,* 230 Md. 139; *Anderson v. State,* 3 Md. App. 85. The matter of the appellant's intention was a question of fact for the determination of the jury and it, not this Court, weighs the evidence in reaching the determination. As there was legally sufficient evidence from which the jury could find the requisite intent, the denial of the motion for judgment of acquittal was not erroneous.

## VI

### PREJUDICE FROM THE STATE'S ATTORNEY'S COMMENTS TO THE JURY

After the lower court charged the jury the State made a closing argument to the jury. During the argument, defense counsel, out of the hearing of the jury, objected to certain remarks made by the State. The substance of the remarks was agreed to be that possession of recently stolen property raises an inference that the possessor is the thief and that the appellant had "not put on any evidence to refute that allegation." Defense counsel's objection was on the ground that the remarks constituted an improper comment on the failure of the appellant to testify. He requested an instruction and his request was refused. The State concluded its argument, defense counsel made his closing argument to the jury, the State made its rebuttal argument and the case was given to the jury.

---

4. For a discussion of the history of the statutory proscription of larceny of the use, see *Perkins, Criminal Law* (1957) ch. 4, §§ 1, 11, pp. 230-231.

As the jury are the judges of law as well as of fact in a criminal case, *Constitution of Maryland*, Art. XV, § 5, it is proper for counsel to argue the law to the jury. See *Wilson v. State*, 239 Md. 245. The law is clear that recent possession of stolen goods is evidence of guilt of the possessor and casts the burden on the possessor of such stolen goods to give a reasonable explanation of how he came into its possession. *Anglin v. State*, 1 Md. App. 85, 92. The substance of the challenged remarks of the State were a correct statement of the law. In its charge to the jury the lower court had correctly instructed them as to the presumption of innocence and the burden of proving the appellant guilty beyond a reasonable doubt. It also said:

> "In this case you have no doubt noted that the defense has rested their case at the conclusion or immediately after the conclusion of the State's case, and that they put on no evidence. The Court instructs you that the defendant in this case and in every criminal case has a perfect right to remain silent. He need not testify, he need not say anything, and there should be no inference drawn from his silence as to his guilt or innocence in any manner whatsoever. The State has the burden of proving the offense with which they have charged this defendant and it is not up to the defendant to prove his innocence, it is up to the State to prove his guilt."

We think the instructions made it abundantly clear to the jury of the appellant's right not to testify and we feel that the challenged remarks of the State cannot be construed as an improper comment on the failure of the appellant to take the stand. We find that the comments were not such as to require reversal of the judgments and that the lower court did not err in refusing to give additional instructions. See Md. Rules 756b.

*Judgment under the 9th count of the indictment (larceny of a motor vehicle) affirmed; judgment under the 5th count of the indictment (grand larceny) reversed and case remanded for a new trial thereon.*