Charles Emanuel **WHITE**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4666.

District of Columbia Court of Appeals.

Argued Nov. 19, 1968.

Decided Jan. 8, 1969.

David C. Niblack, Washington, D. C., for appellant.

Robert Eliot Easton, Atty., Dept. of Justice, of the bar of the State of New York, pro hac vice, by special leave of court, with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee; Carl S. Rauh, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and MYERS and FICKLING, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by a jury of assault. D.C.Code 1967, § 22–504. At the trial he offered no evidence, nor did he testify. During final argument to the jury, the following comment was made by the prosecutor:

> Who struck the first blows in this case after the defendant was arrested? Mr. White struck the first blows. That was the testimony of the two police officers. *You have heard nothing to the contrary.* (Emphasis supplied.)

He also said during his rebuttal argument:

> The case really is one of credibility. Do you believe the police officers? I see no reason why you shouldn't believe the police officers. *There has been no testimony to the contrary.* (Emphasis supplied.)

At that time defense counsel objected to those statements. The court in replying to counsel's objection stated, "I will have to explain why there was no evidence to the contrary." After closing arguments were completed, the trial judge charged the jury, among other things, on the failure of the appellant to testify.[1]

---

1. "Now, this defendant, as he has a right to do—as every defendant in a criminal case has the right to do—has the absolute right not to testify. You must not draw any inference of guilt against the defendant because he did not testify. I have already told you that it is not required of this defendant that he prove his innocence or produce any evidence."

The only claim of error which merits our consideration is whether the remarks made by the prosecutor in his closing argument constituted improper comments upon the appellant's failure to testify. The Government's evidence established that the appellant was the only person who could have contradicted the testimony of the two officers.[2] The prosecutor's comments, "heard nothing to the contrary" and "no testimony to the contrary," clearly called the jury's attention to the fact that the appellant had not testified and, therefore, such comments were improper and prejudicial.[3]

It has been settled by this court that the prejudice created by a prosecutor's comment regarding a defendant's failure to take the stand cannot be cured by a later instruction to the jury regarding a defendant's right not to testify.[4] We stated in *Turner*, supra note 4, that

> [t]he judge should have admonished the jury that the statement was improper and to disregard it, and then and there should have instructed them as to the law on the subject.[5]

This procedure was not adhered to in the instant case and the court's later instruction did not cure the error.

We find no merit in appellant's other contentions.

Reversed with instructions to grant a new trial.

---

2. The two officers and appellant were the only persons present during the altercation.

3. Desmond v. United States, 345 F.2d 225 (1st Cir. 1965); Brooks v. District of Columbia, D.C.Mun.App., 48 A.2d 339 (1946). See also 14 A.L.R.3d 723, 730 (1967).

4. Turner v. District of Columbia, D.C.Mun. App., 98 A.2d 786, 787 (1953); Brooks v. District of Columbia, supra note 3.

5. In some cases even this procedure might not be sufficient to cure the prejudice resulting from a direct reference to a defendant's failure to testify. See White v. United States, 114 U.S.App.D.C. 238, 314 F.2d 243 (1962).