## GLEN GRACE *v.* STATE OF MARYLAND

[No. 212, September Term, 1968.]

*Decided April 21, 1969.*

*Leonard J. Kerpelman* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Fred K. Grant, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Glen Grace, the appellant, was convicted of armed robbery by a jury in the Criminal Court of Baltimore, Judge Meyer M. Cardin presiding. The sentence was for a term of fifteen years.

Grace was identified by the victim, a filling station operator, as the person who robbed him at gunpoint. When Grace was apprehended by the policemen, approximately one hour after the robbery, a pistol and a light tan jacket were found in the vestibule in which he was apprehended. The victim identified the gun as being similar to the one used by the robber, and the jacket as being similar to the one that was worn by the robber at the time of the robbery.

It is contended that the trial judge committed error when he refused to grant a mistrial after the prosecutor stated in final argument: "Where did the defendant get the jacket, where did he get the gun * * * where is the explanation—where did he

get them?" The argument is made that since the defendant did not testify, the above quoted comments referred to the accused's failure to testify in his own behalf and thus violated the Fourteenth Amendment to the Constitution of the United States and Article 22 of the Declaration of Rights of the Maryland Constitution. Maryland has long held that it is reversible error for a prosecuting attorney to comment upon the failure of an accused to testify in a criminal case. In a bastardy case, *Smith v. State,* 169 Md. 474, 182 A. 287 (1935) the Court of Appeals of Maryland reversed the trial court for failure to grant a mistrial where the State's Attorney had said:

> " 'This prosecuting witness has testified that this defendant is the father of her child, and this defendant has sat here all during the trial and has not denied his fatherhood.' "

The Court then stated:

> "There can be no question of the impropriety of this remark, as it was susceptible of the inference by the jury that they were to consider the silence of the traverser. . ."

A similar rule was adopted by the Supreme Court of the United States in *Griffin v. California,* 380 U. S. 609, 85 S. Ct. 1229, 14 L.Ed.2d 106 (1965), but the rule does not apply, where, as here, the thrust of the remark is directed toward the lack of evidence rather than pointed directly at the failure of the accused to testify. In *King v. State,* 190 Md. 361, 58 A. 2d 663 the Court held as proper a statement by the prosecutor that:

> " 'There had never been any evidence to refute the fact that these illegal machines were in Mr. King's place or not. . .' "

In *Sizemore v. State,* 5 Md. App. 507, 248 A. 2d 417 this Court held it was quite proper for the prosecutor to argue that the accused had not put on any evidence to refute the inference created by the possession of recently stolen goods that the possessor was the thief. To the same effect see *United States v. Johnson,* 337 F. 2d 180 (4th Cir.).

Grace's argument that the request for an explanation pointed directly to the defendant is without merit for the reason that it is entirely possible that other witnesses could have given an explanation, if there were any, as to how he innocently came into possession of the articles in question. Although we must, and we will, fully protect the rights of an accused, we must not, and we will not, put the prosecutor in the position of being unable to make a fair comment on the entire evidence.

In addition, Grace contends the trial judge committed error when he sustained the State's objection to the offer of a police report, which it is alleged, was made in ordinary course of business of the police department, and should have been admitted under the business records statute. Md. Code, Art. 35 § 59. Although the propriety of admitting such a record may be open to question, see *Hyman v. State,* 4 Md. App. 636, 244 A. 2d 616 and *United States v. Fabio,* 394 F. 2d 132 (4th Cir.), we need not meet the problem here because there was no proffer as to the contents of the record. See *Austin v. State,* 3 Md. App. 231, 238 A. 2d 569. Grace's attempt to proffer the record during closing arguments was properly declined by the court in the absence of a showing of clear abuse of discretion. The order of receipt of evidence is a matter that is peculiarly within the discretion of the trial judge. *Tingler v. State,* 1 Md. App. 389, 392, 230 A. 2d 375 and *Bacheller v. State,* 3 Md. App. 626, 637, 240 A. 2d 623.

*Judgment affirmed.*