CLYDE EDMOND LAWS AND THOMAS
FRANKLIN DORMAN a/k/a THOMAS
FRANK DORMAN *v.* STATE
OF MARYLAND

[No. 315, September Term, 1968.]

*Decided May 27, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph E. O'Brien, Jr.*, for appellants.

*Bernard L. Silbert, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, William A. Linthicum, State's Attorney for Montgomery County, John C. North, II, State's Attorney for Talbot County*, and *Andrew L. Sonner, Assistant State's Attorney for Montgomery County*, on the brief, for appellee.

PER CURIAM.

At the trial below, there was evidence from which the jury could have found that Clyde Edmond Laws and Thomas Franklin Dorman, the appellants, robbed a grocery store situated in Montgomery County. When police officers stopped their vehicle about an hour thereafter, Laws shot at the two officers. One of the officers was wounded. Dorman was present in the car, but did not engage in the shooting. They were each convicted of

armed robbery and assault with intent to murder each police officer by a jury in the Ciruit Court for Talbot County to which court the case had been removed. Judge Harry E. Clark, the presiding judge, imposed sentences on each totaling twenty-five years, consecutive to a twenty year term they each had previously received for a kidnapping which followed, but did not directly involve the assault on the officers. The latter case contains a more complete statement of the facts of the crimes involved in the present appeal and is reported in 6 Md. App. 243, 251 A. 2d 237. In that case we considered and rejected two contentions which were also raised in the present appeal. The appellants allege error in the failure of the trial court to sever their cases for trial and in the failure to exclude evidence resulting from an alleged illegal search and seizure. Since those two issues were disposed of in the prior appeal on substantially the same evidence, there will be no need to discuss them further here. Counsel has conceded in oral argument that our ruling on the latter point would also dispose of his argument in the present appeal that the evidence, without the excluded evidence would be insufficient to support a conviction, although he did not concede the correctness of the ruling.

There remain two contentions to discuss in the present appeal. The first concerns the refusal of the trial court to remove the cases to another court for trial. The evidence to support the motion consisted of testimony by the appellants that their preceding trial for kidnapping, which occurred a few weeks prior to the present trial, would unduly prejudice them in the present proceedings because of wide-spread publicity and because the judge trying the present case was one of the two judges who tried the preceding case. They offered no evidence to support their allegation concerning publicity except their own bare statements that it must have occurred. In *Sizemore v. State*, 5 Md. App. 507, 248 A. 2d 417 we reviewed prior Maryland cases and stated the rule to be that the burden is on an accused to show that he has

been prejudiced by adverse publicity and that a *voir dire* examination of prospective jurors would not be adequate to insure him a fair and impartial jury. It is apparent that the appellants failed to meet this burden.

Although the constitutional right of removal is directed towards the fairness of the jury rather than the fairness of the trial judge, *Jones v. State,* 185 Md. 481, 45 A. 2d 350 and *Cooke v. Cooke,* 41 Md. 362, we will consider the motion as though it were also a motion for the trial judge to disqualify himself because he sat at the previous trial. In *Day v. State,* 2 Md. App. 334, 234 A. 2d 894 and in *Thomas v. State,* 2 Md. App. 645, 236 A. 2d 747 we held that in the absence of showing of bias or prejudice, a judge on retrial of a jury case is not disqualified from trying the case merely because he presided at the original trial. We recently reiterated the rule in *Stallard v. State,* 6 Md. App. 560. Testifying in the present case, the appellants allege the trial judge was prejudiced only because at the prior trial he had made rulings against them. Of course, the mere fact that a trial judge makes rulings against a party to the case, does not mean that he is biased or prejudiced. There was no attempt to point out wherein the rulings were in error, but even this would not, of itself, show prejudice. We find this contention to be without merit.

The appellants also allege error in the failure of the trial judge to grant their motion for a mistrial, and, in oral argument, contend that even if they were not entitled to a mistrial that the trial judge committed reversible error when he failed to instruct *sua sponte* the jury to disregard a portion of the final argument of the prosecutor which was as follows:

> "Now then, as you recall the facts, and as I recall the facts, I think you will remember that at approximately eight o'clock on that date, two men dressed, or well dressed, I guess most people mean when they say well dressed it means coats and hats and ties, and they came into the Kroger food store. Now one of them,

Mr. Walmsley, thinking they were inspectors, made sure he wasn't smoking on the floor or doing something like that and was keeping himself active and didn't particularly want to get caught looking at them, but Mr. Lanham had an opportunity to determine what they were about because they came up and spoke to him, and his testimony was unequivocal and unshaken and *unrebutted* that the two men— [Italics added]

"(Mr. Crawford) At this time I move for a mistrial. Can we approach the Bench?"

Counsel had previously requested the court not to instruct on the failure of the appellants to testify.

In *Grace v. State,* 6 Md. App. 520, we reviewed several Maryland cases and a Supreme Court case on the question of the propriety of a prosecutor commenting on the failure of an accused to testify and pointed out that the rule was that a similar remark was proper provided the thrust of the remark was toward the lack of evidence rather than toward the failure of the accused to testify. In the present case there was, of course, some question as to the identity of the robbers, and it is entirely possible that alibi witnesses could have been called and testified to an alibi, and the denial of the identifications by the witnesses appearing in court would not necessarily have required testimony from the accused. More importantly, the remark in question clearly shows that the thrust was at the entire evidence and not pointed at the failure of the accused to testify. We see no error.

Appellants, in oral argument, relied on *White v. United States,* 248 A. 2d 825 (D. C. 1968), but it seems to us the language of that case is not entirely in accord with the rules that have developed in Maryland nor required by the Supreme Court in *Griffin v. California,* 380 U. S. 609, 85 S. Ct. 1229, 14 L.Ed.2d 106. It is also possible to distinguish the cases in that in *White* there was no question of identity but in the present case there is a question of identity, and, therefore, in *White* the only

witness who could have denied the officers' statements as to the assault was the accused, whereas in the present case the identity was an issue.

Since we have found that the prosecutor's remark was proper, there is no need for us to consider the argument that the trial court should have granted an instruction to the jury to disregard the remark even though no such motion was made.

*Judgments affirmed.*