## ROBERT DAVID DILL, III *v.* STATE. OF MARYLAND

[No. 53, September Term, 1970.]

*Decided November 10, 1970.*

The cause was submitted to MURPHY, C.J., and MORTON and MOYLAN, JJ.

*Judson P. Garrett, Jr.,* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *Julius A. Jodlbauer, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The Appellant, Robert David Dill, III, was convicted in a jury trial in the Circuit Court for Cecil County of receiving stolen goods and received a sentence of three years.

On appeal he raises two contentions:

(1) That the trial court erred in denying his motion

for a judgment of acquittal at the conclusion of the State's case; and

(2) That the trial court erred in overruling Appellant's objection to the Assistant State's Attorney's comment on the Appellant's failure to testify.

In view of our disposition of the second question, it will be unnecessary to consider the first. In this case the Appellant did not take the stand in his own defense. As a matter of fact, the defense put on no case whatsoever.

Unfortunately no request was made by either the State or the Appellant to transcribe closing arguments and consequently no transcript was made. Because of the objection which immediately followed it, one sentence was transcribed from the closing argument of the Assistant State's Attorney. In the course of argument, the Assistant State's Attorney said to the jury "if there are reasons why innocent people do not testify before the court, I do not know what they would be". At that point counsel for the Appellant objected and requested that the Court instruct the jury to disregard the remark of the Assistant State's Attorney as a gross misstatement of the law. The Court overruled the objection on the ground that the comment of the Assistant State's Attorney was simply "a matter of argument". No curative instruction consequently was given to the jury.

A long line of decisions of the Court of Appeals and of this Court have made it plain that for the State to comment upon the failure of a defendant to take the stand is in clear contravention of Article 22 of the Maryland Declaration of Rights and of Article 35, Section 4, of the Public General Laws of Maryland. *Veney v. State*, 251 Md. 159, 179; *Schiller v. Lefkowitz*, 242 Md. 461, 470; *Barber v. State*, 191 Md. 555, 566; *King v. State*, 190 Md. 361, 373; *Grace v. State*, 6 Md. App. 520; *Laws and Dorman v. State*, 7 Md. App. 84. In *Griffin v. California*, 380 U. S. 609, the Supreme Court made it clear that such improper comment would also be a violation of the Fifth Amendment to the Federal Constitution as applied to the

364

states through the due process clause of the Fourteenth Amendment.

Had full argument of both counsel been recorded, it is theoretically possible that some remark of defense counsel might have opened the door for this type of rebuttal. In the absence of a transcript of the entire argument, however, we are unable to view the full context. Even hypothetically, it is difficult to conceive of anything that might prompt such a remark by the State by way of legitimate reply. It is obvious that there are situations where an innocent accused, as well as a guilty accused, might be reluctant to take the stand because of a prior criminal record, or where an innocent accused, as well as a guilty accused, might also be reluctant to take the stand because of circumstances that would cast him in an unfavorable light in the eyes of the jury.

In the heat of argument such comment by the State upon the failure of the Appellant to testify, although improper, might not necessarily call for an absolute reversal where the court stepped in and quickly and surely instructed the jury to disregard the comment. In this case no such therapeutic instruction was given. The remark of the Assistant State's Attorney, on the record before us, was clearly unconstitutional vis-a-vis—the Maryland Constitution and the United States Constitution. In view of the failure of the court below to cure the defect, there was clear prejudice.

*Judgment reversed; case remanded for a new trial.*