# HOMER A. TILLMAN *v.* STATE OF MARYLAND

[No. 215, September Term, 1971.]

*Decided December 8, 1971.*

The cause was argued before MURPHY, C. J., and MOY-LAN and GILBERT, JJ.

*Charles W. Bell,* with whom were *John T. Bell* and *Frank S. Cornelius* on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Thomas*

G. *Young, Assistant Attorney General, Andrew L. Son-ner, State's Attorney for Montgomery County,* and *William P. Wood, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was convicted in a court trial of making a false statement in violation of Maryland Code, Article 27, Section 148, and sentenced to one year's imprisonment. On appeal, he contends that the false statement allegedly made by him did not come within the provisions of the statute, and, consequently, his conviction must be reversed.

The pertinent facts are these: On December 16, 1970 appellant registered as a guest at the Sheraton-Silver Spring Hotel in Silver Spring, Maryland. He stayed three nights and charged meals against his hotel account. The total bill came to $148.09. Mr. Lee O'Donnell, resident manager of the Hotel, testified that appellant registered under the name of "Craine," and also for a friend who would be sharing the same room and for whose accommodations appellant indicated he would pay; that at the time appellant registered, he (O'Donnell) asked appellant if he intended to use a credit card or cash when he checked out, to which appellant, exhibiting a Shell credit card, replied "Do you accept Shell?"; and that appellant then put the number of the credit card on the registration form to which he (O'Donnell) added the word "Shell" to identify the credit card being used. When questioned as to the purpose of the hotel registration card, O'Donnell testified that it was required by law and was used for identification.

Ralph Dennison, assistant manager of the Hotel, testified that appellant's bill had not been paid.

Detective Sergeant Thomas Skaife of the Montgomery County Police Department, testified that he arrested appellant at the Sheraton Inn in Silver Spring on December 19, 1970 after appellant had finished his evening

meal in the hotel dining room; that just prior to the arrest he observed the waiter hand appellant what appeared to be a receipt or bill, on the back of which appellant wrote something. He then arrested the appellant. Janelle Craine testified that the credit card used by appellant belonged to her father; that it had been given to her for her personal use, but had been stolen sometime during the first week of November in the Arlington, Virginia area.

Appellant contends on appeal that his conviction cannot be sustained because a hotel guest registration card is not a "financial statement" within the meaning of Maryland Code, Article 27, Section 148.[1]

Maryland Code, Article 27, Section 148, provides in pertinent part:

> "Any person, who shall knowingly make or cause to be made, either directly or indirectly, or through any agency whatsoever, *any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay,* of himself, or any other person, firm, or corporation * * * *for the purpose of procuring in any form whatsoever,* * * * the extension of a credit, * * *.
>
>     * * *
>
> "Shall be guilty of a misdemeanor * * *."
> (Emphasis added.)

Article 27, Section 148 is subheaded "False Financial Statements—Making or Using." Appellant relies upon such subheading to establish that a "false statement" under the Section has reference to a "financial statement" concerning one's assets and liabilities. Nothing in the body of the statute, however, gives any indication that the Legislature intended any such restrictive application. The subheading affixed to Section 148, upon which ap-

---

1. Appellant, by his own motion to amend his brief, advances several additional contentions. We decline to consider them. Rule 1085.

pellant relies, is merely the codifier's conception of the substance of the Section; it is not part of the statute. In plain terms, the statute proscribes the making of "any false statement in writing * * * respecting the financial condition, or means or ability to pay" where the writing is made with intent that it shall be relied upon to obtain credit.

We are aware of *Group v. State*, 236 P. 2d 997 (Okla.) and *Kimsey v. State*, 241 S.W.2d 514 (Tenn.), interpreting statutes similar to Article 27, Section 148, which hold that the type of written statements intended to come within the meaning of the statute are financial statements involving the assets and liabilities of a person or business. We find the reasoning in those cases inapplicable to our statute.

Appellant further contends that a false written statement, to be within the purview of Section 148, must contain financial information respecting his financial condition or means or ability to pay; and that the hotel registration card in question contained no such representation. As heretofore indicated, the record reveals that appellant, after signing the registration card, proceeded to add thereto the number of a Shell credit card which he had in his possession and which he displayed to the resident manager at the time he registered. Appellant wrote down the number after being asked what method of payment he would use upon checking out. That he intended, by such writing, to procure an extension of credit from the hotel for his occupancy of a room, and for the meals charged to that room, is, we think, both plain and obvious. "A credit card is nothing more than an indication to sellers of commodities that the person who has received a credit card from the issuer thereof has a satisfactory credit rating and that, if credit is extended, the issuer of the credit card will pay (or see to it that the seller of the commodity receives payment) for the merchandise delivered." *Williams v. United States*, 192 F. Supp. 97, 100 (D. C. Calif.). By writing the number of

574

the credit card on the registration card, without having been authorized to do so, appellant represented to the resident manager that he had the financial means to pay for his hotel accommodations. He thereby procured an extension of credit and at the same time violated the statute.

We find no merit to appellant's contention that a person of ordinary intelligence would not be able to know when his conduct would place him in violation of Section 148. See *Bacheller v. State*, 3 Md. App. 626.

*Judgment affirmed.*