# RAYMOND G. SHOPE *v.* STATE OF MARYLAND

[No. 834, September Term, 1972.]

*Decided July 16, 1973.*

The cause was argued before MORTON, MOYLAN and SCANLAN, JJ.

*Stanley M. Dietz* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County, Thomas L. Craven* and *William T. Wood, Assistant State's Attorneys for Montgomery County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

In *Palmer v. State,* 14 Md. App. 159, 286 A. 2d 572, we established that the thief has no standing to object to the search of a stolen automobile. The conviction at bar of the appellant Raymond G. Shope in the Circuit Court for Montgomery County by a jury, presided over by Judge Ralph Miller, for forgery and false pretenses, raises the related question of, "Does the unauthorized user have standing to object to the search of a temporarily misappropriated automobile?" The answer again is, "No."

There is no question raised as to the legal sufficiency of the evidence. A factual discussion is unnecessary to the limited issue before us. If items seized by the police from a 1971 Ford Mustang at approximately 2 p.m. on October 13, 1971, were validly received in evidence, the appellant's conviction stands. If they were not, his conviction falls. We raise initially the threshold question of whether the appellant had sufficient standing in the 1971 Ford Mustang to object to its search. We conclude that he did not.

On October 13, the police arrived at the appellant's residence at 17001 Woodale Drive in Silver Spring. The red 1971 Ford Mustang was parked in front of the residence. It bore District of Columbia license tags RA-1386. The car belonged to the Hertz Rent-A-Car Corporation and had been

leased from one of their outlets in the District of Columbia. The information about the automobile was sparse, but uncontested. It was developed that the automobile was not only overdue at the rental agency, but had been leased in a false name with the use of a stolen credit card.

Our analysis will proceed upon the assumption that it was the appellant who leased the Ford Mustang from Hertz. On the question of standing, this is the assumption most favorable to the appellant, who did not testify at the suppression hearing. If, as he in passing testified at the trial on the merits, he had never seen the Ford Mustang before it pulled into his driveway on that day, his lack of standing would be even more abject. No "automatic standing" is conferred as to the place searched, in contrast to the things seized in cases where possession of the things seized is the gravamen of the offense itself. Nor would the appellant under those circumstances have any proprietary or possessory interest in the automobile searched. Nor would the appellant have any standing by virtue of having been legitimately a guest, invitee or licensee in the automobile searched at the time of the search. *Jones v. United States*, 362 U. S. 257, 80 S. Ct. 725, 4 L.Ed.2d 697 (1960); *Brown v. United States*, 13 Cr. L. 3023 (April 17, 1973); *Palmer v. State, supra.* Since the inference was a fair one, before the hearing judge on the suppression motion, that the Ford Mustang had been leased by the appellant, we will analyze the question of standing within that assumed factual context.

In oral argument before this Court, the State advanced the theory that the appellant was without standing to object to the search of the Ford Mustang because he had come into possession of the automobile by false pretenses. The theory is untenable. Where the crime of false pretenses has been consummated, the wrongdoer actually obtains the ownership of the property. Perkins, *Criminal Law* (2d ed. 1969), 306-308. Such a wrongful owner might well have standing, although that issue is not now before us and is unnecessary to be resolved. It is abundantly clear, rather, that the Hertz Rent-A-Car Corporation was not parting with ownership but only with possession. Since false pretenses

involves the acquisition of title of ownership and not mere possession, *Farlow v. State,* 9 Md. App. 515, 517-519, 265 A. 2d 578, false pretenses cannot be the medium through which the appellant came into possession of the Ford Mustang. Since the appellant was, at best, in mere possession of the Ford Mustang, the lawfulness of that possession must be evaluated within the framework of the larceny-related offenses.

As we approach that evaluation, we make another assumption favorable to the appellant. We will assume, without deciding, that the evidence was not sufficient to establish the element of *animus furandi* — the intent permanently to deprive the rightful possessor of his property. Where there is no *animus furandi,* there is no larceny. *Farlow v. State, supra,* 518. With respect to certain classes of chattels, however, including for present purposes automobiles, the gap created by the lack of intent permanently to deprive the owner of his goods was filled by the enactment of the offense of unauthorized use. *Farlow v. State, supra,* 518; *Robinson v. State,* 17 Md. App. 451, 302 A. 2d 659. In *Robinson,* we pointed out that "unauthorized use" parallels larceny in every respect except the *animus furandi.* We there said, at 17 Md. App. 456-457:

> "It will thus readily be appreciated that what was once called the 'Horse Stealing Statute' and what is now called the 'Larceny of a Vehicle Statute' is similar to common law larceny in all respects except that it establishes special penalties when the objects of the larceny are designated means of locomotion or conveyance. The 'Unauthorized Use Statute' is similar to its senior counterpart in all respects except that there is no element of 'an intent permanently to deprive the possessor of the item taken'. An intent temporarily to deprive is sufficient. As Chief Judge Orth said for this Court in *Sizemore v. State,* 5 Md. App. 507, 248 A. 2d 417, at 5 Md. App. 515-516:
>
> > 'The distinction between the larceny of a

motor vehicle and the larceny of its use (commonly referred to as the unauthorized use of a motor vehicle) is that in the larceny there must be an intent to deprive the owner permanently of his property while in larceny of the use the intent is to deprive the owner temporarily. *Gopshes v. State,* 1 Md. App. 396.'

In looking at Unauthorized Use statutes generally, *Perkins on Criminal Law* (2d ed. 1969) points out, at 273, that these statutes contain all the elements of larceny except that of an *animus furandi:*

'This statutory crime, whether called 'larceny' or not, is in effect an 'included offense.' It has all of the elements of larceny except the intent to steal, and is limited to a small portion of the general subject matter of larceny.' "

In deciding, therefore, whether the appellant, as the assumed lessee of the Ford Mustang, was guilty of unauthorized use, we must ask ourselves whether all elements of the crime of larceny have been established, saving only that of the *animus furandi.* The critical element at issue is that of a trespassory taking. The trespassory taking is as indispensable to unauthorized use as it is to larceny. As we said in *Robinson,* at 17 Md. App. 458:

"It is thus apparent that a trespassory taking is an essential element of the crime of Unauthorized Use. As the Court of Appeals said in *Wright v. Sas, supra,* at 513, in pointing out the essential similarity between Unauthorized Use and larceny: 'In other important respects it includes elements similar to larceny, e.g., 'take and carry away'.' "

We think it logically compelling and we hold that whatever mode of trespassory taking would satisfy the larceny requirement will also establish the element of trespassory taking within the contemplation of the law of unauthorized use.

The trespass here, of course, was not in the classic mold. It was neither effected by violence or by stealth, as was contemplated by the early common law. By all surface appearances, the rightful owner (Hertz) parted with possession willingly.

Dating from the decision in *Pear's Case*, 2 East, *Pleas of the Crown*, 685, in 1779, the common law has recognized the constructive trespassory taking which is now universally called "larceny by trick." See Perkins, *Criminal Law* (2d ed. 1969), 245-247. And see the excellent discussion of "larceny by trick" generally and of *Pear's Case* specifically in Jerome Hall, *Theft, Law and Society* (2d ed. 1952), 40-45. Where the taker fraudulently induces the owner to part with possession, there is a constructive trespass — to wit, "larceny by trick." But for the substitution of the Hertz Corporation for the livery stable, the present case is on all fours with *Pear's Case*. Pear hired a horse and rode away with the consent of the owner. He shortly thereafter sold the horse. It was found that the owner agreed to rent the horse only because of his reliance on the false representation — that Pear only wished to hire it for the afternoon. It was found that Pear had the fraudulent intention at the moment when he took the horse. This was held to be the requisite trespass.

We think the evidence at bar amply demonstrates that Hertz parted with possession of the Ford Mustang by virtue of a false representation — that the appellant was someone else, the person whose name appeared on the stolen credit card, and that the presentation of the credit card was a guarantee of payment. Cf. *Tillman v. State*, 13 Md. App. 570, 573-574, 284 A. 2d 259. The appellant committed what would have been "larceny by trick," had there been an *animus furandi*. It follows, we hold, that the appellant did, therefore, perpetrate an unauthorized use, absent the *animus furandi*.

As to the inappropriateness of granting standing to object to the search of an automobile to one who has unlawfully misappropriated that automobile, we feel no less strongly

478

than we did in *Palmer v. State, supra,* where we said, at 14 Md. App. 169:

> "Even more compelling than the precedents from our sister jurisdictions, however, is the inherent logic of the proposition. No valuable social purpose could conceivably be served by extending the protection of the Fourth Amendment to a thief in the enjoyment of the stolen automobile."

No valuable social purpose could conceivably be served by extending the protection of the Fourth Amendment to the unauthorized user at bar. We will not so extend it. He has no standing to object to the search and seizure and it is, therefore, unassailable as to him.

*Judgments affirmed.*
*Costs to be paid by appellant.*