CHARLES DANIEL CAREY *v.* STATE OF
MARYLAND

[No. 359, September Term, 1973.]

*Decided January 11, 1974.*

The cause was argued before MORTON, MENCHINE and LOWE, JJ.

*John T. Bell* for appellant.

*George A. Eichhorn, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Darrel L. Longest, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

Appellant was convicted of false pretenses by a jury in the Circuit Court for Montgomery County, Judge David L. Cahoon presiding.

On April 3rd, 1971, appellant rented a 1971 Dodge Polaris from Hans Raab, owner of "Budget-Rent-A-Car Nine" in Bethesda, Maryland. Mr. Raab testified that appellant executed a lease and left a personal check for fifty dollars as deposit. Several days later the car had not been returned but the check had, marked "Drawn on a closed account."

An employee of First National Bank of Maryland testified that the account upon which the check was drawn had been closed on March 19th, 1971, at which time there was a "zero" balance. No additional deposits were made.

On the evening of April 10th, appellant returned the automobile to Budget. Although the office was closed at the time, Mr. Raab watched the appellant drive the automobile to the station, leave it there, and enter a waiting taxi.

Motion for judgment of acquittal was denied. The appellant then put on his case. At the conclusion of all the evidence, the judge denied appellant's renewed motion for judgment of acquittal, and the jury found him guilty as charged.

Maryland Code, Art. 27, Sec. 140, defining the crime of false pretenses, requires proof of the fraudulent acquisition of ownership, not mere possession. *Farlow v. State,* 9 Md.

App. 515, 517-18. This requirement, which necessitates a showing of the intention of the owner as well as the accused, is clearly set forth in Clark and Marshall, *Crimes* (7th Ed.) Sec. 12.23, p. 925:

> "It is also necessary that the owner shall intend to part with the *property* in the chattel. The statute does not apply where a person, by means of false and fraudulent representations, obtains the mere possession of another's property for a temporary purpose, though he may intend at the time to appropriate the property to his own use. In such a case he is guilty of larceny (§ 12.06). The statutes do not apply, for instance, where a person merely hires or borrows property, using false pretenses to obtain possession, though he may intend to appropriate the same to his own use and deprive the owner permanently of his property therein. The intention of the owner, therefore, as well as the intention of the accused, is to be considered. If the owner intends to part with the property, and not merely with the possession, the offense is the obtaining of property by false pretenses, and not larceny." [1] See also Perkins, *Criminal Law* (2d Ed. 1969), 306-308.

Nowhere does the testimony permit an inference that either the appellant or the owner of the goods intended a transfer of the "property" in the automobile. Had appellant intended at the time of taking permanently to deprive Mr. Raab or his company of the ownership of the vehicle, while Mr. Raab intended to part only with possession, the offense might have been larceny "by trick" but not false pretenses. *Shope v. State*, 18 Md. App. 472, 474; *Farlow v. State, supra,* at 517.

In the absence of evidence of such intent on the part of both parties to the lease, the court should not have submitted the case to the jury.

*Judgment reversed; costs to be paid by Montgomery County.*

---

1. Footnotes omitted.